## SNODGRASS v. J. I. CASE THRESHING MACH. CO.

No. 9360—Opinion Filed July 30, 1918.

(174 Pac. 515.)

**Chattel Mortgages—Removal of Property—Notice to Subsequent Creditors or Purchasers—Priority—Statute.**

Under section 4032, Rev. Laws 1910, where mortgaged property is moved into this county or from one county to another in this state, a previous filing of the mortgage shall not operate as against subsequent creditors, purchasers, mortgagees, or incumbrancers for a longer period than 120 days after such removal, unless such mortgage is filed in the county to which the mortgaged property is removed, and in which it is permanently located.

(Syllabus by Hooker, C.)

Error from County Court, Harmon County; E. C. Abernathy, Judge.

Replevin by the J. I. Case Threshing Machine Company against H. C. Snodgrass. Judgment for plaintiff, and defendant brings error. Reversed, and cause remanded, with directions to enter a judgment for defendant.

S. A. Horton and Counts & Counts, for plaintiff in error.

Keaton, Wells & Johnston and Ross Cox, for defendant in error.

Opinion by HOOKER, C. About June of 1915 the J. I. Case Threshing Machine Com-

pany, defendant in error, sold certain machinery to a party named Ned Hardin, located in Jackson county, Okla., and took a mortgage back on the machinery for a part of the purchase price. This mortgage was duly filed in Jackson county in July of 1915, the property being then located in that county. Later, and in September of 1915, Ned Hardin, without the knowledge or consent of the company, and in violation of the terms of the mortgage, and in violation of Revised Laws 1910, § 2755, of the Criminal Statutes, took the machinery over in Harmon county, and, after keeping it there a number of months and more than 120 days, he remortgaged it to certain parties, W. F. Scott and H. C. Snodgrass. This mortgage to Scott and Snodgrass in Harmon county was made in February of 1916, and filed February 10, 1916, in Harmon county. Thereafter, and in August of 1916, the machinery was put up for sale under this Harmon county mortgage, and brought in by Mr. Snodgrass. In August of 1916, the company was for the first time informed of the removal. The property was then up for sale in Harmon county under the Snodgrass mortgage, and, when informed of this fact, the company promptly made claim for the machinery, and after refusal filed a replevin suit in September of 1916, for recovery of the property under its prior mortgage given and filed back in Jackson county. The notes given had then become due.

The only question necessary to determine in this case as we view it is to construe section 4032, Rev. Laws 1910, which provides as follows:

"The filing of a mortgage of personal property, in conformity to the provisions of this article, operates as notice thereof to all subsequent purchasers and incumbrancers of so much of said property as is at the time mentioned in the preceding section located in the county or counties wherein such mortgage or authenticated copy thereof is filed: Provided, that when a mortgaged chattel is moved into this state, or from one county to another, any previous filing of the mortgage shall not operate as notice as against subsequent creditors, purchasers, mortgagees or incumbrancers for a longer period than one hundred and twenty days after such removal, but such mortgage must be refiled in the county to which the chattel is removed and in which it is permanently located."

It is an admitted fact here that the defendant in error did not comply with this provision of the statute by refiling the mortgage in the county to which the personal property was removed. It is therefore asserted by the plaintiff in error that, inasmuch as the mortgage to Scott and Snod-

grass was executed to them after the expiration of the time authorized by the statute above quoted, in which said mortgage must be refiled, the mortgage thus executed to them was prior and superior to the mortgage previously executed to the defendant in error. While it is contended by the defendant in error that statutes of this character requiring refiling after removal apply only to cases where the removal was made with the consent of the mortgagee, and that in those cases where the mortgagee did not consent and did not have any knowledge thereof a refiling of the mortgage is not necessary.

We have examined a good many authorities upon this question, and the statutes of the various states are somewhat different, and in most instances the statutes provide that a refiling is necessary only when the property has been removed with the consent or knowledge of the mortgagee. Our statute, however, makes no exception, but provides in broad general terms that the mortgage, in order to operate as notice against subsequent creditors, purchasers, mortgagees, or incumbrancers for a longer period than 120 days after such removal, must be refiled in the county to which the chattel has been removed, and in which it is permanently located.

We have examined the authorities cited in the note of 11 Corpus Juris, p. 530, and find the same from states which provide that a refiling is necessary only where the property has been removed from one county to another with the knowledge and consent of the mortgagee.

Unquestionably the Legislature of this state had the authority to enact this statute, and our only duty is to construe the statute as we find it. We can find no fault with the wisdom of the Legislature in requiring the mortgagee of personal property to look after his property three times a year in order to protect his lien. Other states have enacted statutes of similar character, and limited the time to 30 days, and these statutes have been upheld by the various states. We quote from Hammels v. Sentous et al, 151 Cal. 520, 91 Pac. 327, 12 Ann. Cas. 946, where the Supreme Court of California said:

"We think the construction of section 2965 urged by respondent is the proper one. The section declares that when mortgaged property is removed from the county in which it is situate it is exempted from the operation of the mortgage, unless within 30 days the mortgagee does one of two things. To express the same idea in slightly different words, the property is exempted from the operation of the mortgage, if the mortgagee does not within 30 days record the mortgage in the county in which the property is removed or take possession of it. By necessary implication from the language used, the property is not exempted if within 30 days the mortgagee does do either of the prescribed acts. Whether or not he will do one of them cannot be determined until the 30 days shall expire. In the interval the condition upon which the statute has made the loss of his lien depend has not taken place Until he has failed to do what is required of him for the preservation of his mortgage—and he cannot be said to have so failed until 30 days after the removal of the property— the mortgage is unaffected by the removal and the exemption declared by section 2965 has not arisen.

"But apart from the mere question of grammatical interpretation, the position of respondent is supported by considerations of reason and justice. The lender who has taken a mortgage of personal property, and has had it executed and recorded as required by law, has acquired a right of property. The statute evidently contemplates that this right may be preserved, notwithstanding a removal to another county of the mortgaged chattels. If it be held that upon removal the mortgage is at once suspended until there is a new record of the mortgage or a seizure, and that a purchaser in the interim takes free of the mortgage, the mortgagee loses his lien notwithstanding the fact that he may, immediately upon learning of the removal, and within the 30 days allowed him, record his mortgage in the new county. Such construction would work a practical forfeiture as against one who had not been guilty of the slightest want of care or vigilance—a result that should not be held to follow unless it is demanded by the plain letter of the statute.

"In the absence of any specific statutory provision regarding the removal of mortgaged property, the record of a chattel mortgage in the town or county where it is required to be originally filed for record is held to be constructive notice to all the world, and the mortgage is valid, even though the property may be removed to another town or county, or even to another state. Pease v. Odenkirchen, 42 Conn. 415; Barrows v. Turner, 50 Me. 127; Brighham v. Weaver, 6 Cush. (Mass.) 298; Whitney v. Heywood, 6 Cush. (Mass.) 82; Hoit v. Remick, 11 N. H. 285; Hicks v. Williams, 17 Barb, (N. Y.) 523; Kanaga v. Taylor. 7 Ohio St. 134 (70 Am Dec. 62); Greenville Nat. Bank v. Evans-Snyder-Buel Co., 9 Okla. 353 (60 Pac 249); Hornthal v. Burwell, 109 N. C. 10, 26 Am. St. Rep. 556, 13 S. E. 721, 13 L. R. A. 740; Shapard v. Hynes, 104 Fed. 449 (45 C. C. A. 271, 52 L. R. A. 675).

"It is said in Hoit v. Remick, 11 N. H.

285; The object of the statute was to give publicity to such conveyances, and to provide sources of information common to all persons, in order to enable purchasers, and creditors, and all others, to determine, with some degree of facility, convenience, and certainty, the question of title to property, which they may be interested to know; while, at the same time, it was not among the purposes of the act to subject the bona fide mortgagee, who is, of course, a creditor, to the inconvenience, if not impracticability, of the constant vigilance and ceaseless watching which would be requisite to guard and secure his interests, if he were obliged to record his mortgage in every town into which the mortgagor might see fit to remove with the property to reside."

"Our statute, it is true, goes further than those considered in the foregoing cases. It does require the mortgagee to exercise some degree of vigilance in order to protect his right in case of removal of the property. But it allows him 30 days after such removal in which to perform the acts essential to the continuance of the mortgage lien During those 30 days he cannot be said to have fallen short of full compliance with every duty imposed upon him by the law, and should not therefore be held to have lost any of the rights vested in him by the due execution and registration of his mortgage.

"The appellants urge that the rule invoked by respondent would work a hardship upon innocent purchasers of mortgaged property in a county in which no record of the mortgage exists. Such hardship may result, but it is no more burdensome than the injury which would be sustained by a bona fide mortgagee, who, on the contrary construction, would be held to have lost his lien by a surreptitious removal and sale of the property before he could know of the removal, and before the lapse of the time allowed him by the statute within which to protect his right in the county to which the property had been removed. The question is purely one of legislative policy, and we think the policy intended to be declared in section 2965 is the same as that adopted in other states, which require a mortgage to be recorded after removal of the property. While the language of the statutes in those states is somewhat different from that of the section in question, it is instructive to note that such statutes are held to declare an intention that the mortgage shall remain in force after removal of the property, and until the expiration of the time allowed for re-registration. Wilkinson v. King, 81 Ala. 156 (8 So. 189); Malone v. Bedsole, 93 Ala. 41 (9 So. 520); Ames Iron Works v. Chinn, 15 Tex. Civ. App. 88 (38 S W. 247.)"

The opinion of Turner v. Caldwell, 15 Wash. 274, 46 Pac. 235, is also authority supporting our view upon this case.

As we view the law, the mortgage executed to Scott and Snodgrass was superior to the lien of the defendant in error; and, inasmuch as said mortgage was regularly foreclosed and at the sale Snodgrass became the purchaser, no question being raised here as to the invalidity of said sale, he thereby became the owner of this property, and is entitled to its possession.

The judgment of the lower court is therefore reversed, and this cause remanded, with directions to the trial court to enter a judgment in favor of the plaintiff in error.

By the Court: It is so ordered.