## MURRAY CO. v. CHICKASHA COTTON OIL CO. et al.

No. 9369—Opinion Filed July 30, 1918.

Rehearing Denied Sept. 17, 1918.

(147 Pac. 1091.)

### Fixtures — Chattel Mortgages—Lien—Priorities.

Where ginning machinery is sold under agreement between the vendor and vendee that the vendee give notes in payment thereof secured by chattel mortgage on said machinery, and that said machinery shall not be annexed to or become a part of any realty until the purchase price is fully paid, and the notes and mortgage are executed and delivered, and the vendee places the machinery in a cotton gin on the premises, which is covered by a real estate mortgage, and the evidence shows that the machinery may be removed from the premises without

injury to the same, the holder of the chattel mortgage does not lose his lien on the machinery as security for the payment of the purchase price.

(Syllabus by Pryor, C.)

Error from District Court, Grady County; Will Linn, Judge.

Action by the Murray Company against the Chickasha Cotton Oil Company and others to foreclose a chattel mortgage. Judgment for defendants, and plaintiff brings error. Reversed with directions.

V. R. Biggers, A. M. Fowler, and Barefoot & Carmichael, for plaintiff in error.

Opinion by PRYOR, C. On the 6th day of June, 1913, H. W. Branum gave a real estate mortgage to the Chickasha Cotton Oil Company on certain property upon which was located a cotton gin, to secure the payment of two promissory notes. The Chickasha Cotton Oil Company brought an action to foreclose the mortgage.

Subsequent to the execution of said real estate mortgage, on about the 20th day of August, 1913, the said Branum purchased from the Murray Company certain ginning machinery and placed the same on the premises in the ginhouse covered by the real estate mortgage. Branum gave his notes in payment and a chattel mortgage on the machinery to secure the payment of said notes. The Murray Company asks for a foreclosure of the chattel mortgage on said machinery.

The purchase contract between Branum and the Murray Company provided that said machinery should not be annexed or become a part of any realty until the same had been fully paid for. The trial court held that the machinery covered by the chattel mortgage of the Murray Company had become attached to the real property and become a part thereof, and that the company had lost its lien thereon, and denied the said Murray Company the right to a foreclosure of its chattel mortgage.

The evidence in this case as to the nature of the annexation of the machinery to the realty and as to the effect of its removal from the realty shows conclusively that the machinery can be removed without injury to the said real property. The legal question presented here for determination is, Where a mortgaged chattel is attached to mortgaged real property, and the same can be removed without injury to the realty, has the holder of the chattel mortgage lost his right to his interest in the chattel to the mortgagee of the real estate mortgage?

On this question there is some conflict of authority; but the weight of authority, which seems to be founded on sound principles of justice, sustains the rule that where a mortgaged chattel is attached to mortgaged realty, and the same can be removed without injury to the real property, the holder of the chattel mortgage does not lose his rights in the chattel, and especially this rule is true where the vendor of a chattel has an express agreement with his vendee that the same shall not be attached to the realty and become a part thereof until the vendor's mortgage lien is discharged. Binkley v. Forkner, 117 Ind. 176, 19 N. E. 753, 3 L. R. A. 33; Sowden v. Craig, 26 Iowa, 156, 96 Am. Dec 125; Grand Island Banking Co. v. Frey, 25 Neb. 66, 40 N. W. 599, 13 Am. St. Rep. 478; United States v. New Orleans Ry. Co., 12 Wall. 362, 20 L. Ed. 434; Will's et al. v. Munger Imp. Cotton Mach. Mfg. Co., 13 Tex. Civ. App. 677, 36 S. W. 1010; Anderson v. Creamery Mfg. Co., 8 Idaho, 200, 67 Pac. 493, 56 L. R. A. 554, 101 Am. St. Rep. 188; Northwestern Mutual Life Ins. Co. v. George et al., 77 Minn. 319, 79 N. W. 1028. 1064.

This principle is also recognized by this court in the case of Lawton Pressed Brick & Tile Co. et al. v. Ross-Kellar Triple Pressure Brick Mach. Co. et al., 33 Okla. 59, 124 Pac. 43, 49 L. R. A. (N. S.) 395, in which it was held:

"Chattels may be annexed to the real estate and still retain the character of the personal property. Of the various circumstances which may determine whether, in any case, this character is or is not retained, the intention with which they are annexed is one; and if the intention is that they shall not by annexation become a part of the freehold, as a general rule, they will not.

"Certain brick-manufacturing machinery was sold upon a written agreement between the parties that the title thereto should not pass to the vendee until the purchase price was fully paid; that the title thereto should not be affected by the delivery and erection thereof; that if default should be made in the payment of the purchase money the vendor should have the right to enter upon the premises, 'wherever said machinery may be found and take possession thereof.' In an action of replevin to recover possession of said machinery for nonpayment of purchase price, the evidence reasonably tended to show that the machinery was annexed to certain real estate belonging to the vendee, according to the terms of the contract, and that the mode of annexation was such that the removal thereof would not take away or destroy that which was essential to the support of the buildings, foundation, or walls, or other parts of the real estate to

which it was attached, and that it would not destroy or of necessity impair the machinery itself. Held, that the agreement between the original vendor and the vendee, fully expressing their distinct purpose that the annexation of the machinery should not make it part of the real estate, was sufficient to that effect, without any concurring intention on the part of a third person, who subsequently purchased the land from the purchaser of the machinery."

The machinery was purchased and placed on the premises after the execution of the real estate mortgage. The real estate mortgagee will not sustain any loss if such machinery is removed, as the evidence shows that the same can be removed without injury to the premises. To hold that the chattel mortgagee lost his lien and right in the machinery, and the same vested in the real estate mortgagee, would, it seems, be taking property from one and giving it to another by legal fiction. Certainly to follow the principles announced in the above authorities, and hold that the Murray Company has a mortgage lien on said machinery, and has not lost the same by reason of the chattels becoming a part of the realty, will do justice in this case.

Therefore the judgment of the trial court as to the issues between the Murray Company and the Chickasha Cotton Oil Company should be reversed, with directions to enter judgment decreeing that the Murray Company's lien is superior to that of the Chickasha Cotton Oil Company.

By the Court: It is so ordered.