## FIRST NAT. BANK OF VINITA v. GUESS et al.

No. 8410—Opinion Filed March 4, 1919.

(179 Pac. 29.)

(Syllabus.)

**1. Chattel Mortgages—Removal to Another County—Refiling—Title of Purchaser.**

Where chattels are mortgaged in one county and afterwards removed by the mortgagor to another county of the state, and there continuously kept and used by such mort-

gagor in carrying on his business in the latter county for more than 120 days, when after the expiration of the time named the property is sold by the mortgagor to one who has no knowledge of such mortgage, and which sale takes place and is consummated in the county where the property is then located, held, in an action of replevin by the first mortgagee against the purchaser, that on account of the failure of such mortgagee to comply with the terms of section 4032, Rev. Laws 1910, and refile its mortgage in the county to which the mortgaged property was removed, its title thereto as against such purchaser for value, or his mortgagee, must fail.

**2. Same—Refiling—"Permanently Located."**

In the circumstances stated, the mortgaged property was "permanently located" in the county to which it was removed, within the meaning and purview of section 4032, Rev. Laws 1910.

Error from District Court, Mayes County; Preston S. Davis, Judge.

Action in replevin by the First National Bank of Vinita against James Guess, in which the First State Bank of Locust Grove filed an interplea claiming special ownership to the property in controversy. From the judgment in favor of defendant and intervener, plaintiff brings error. Affirmed.

W. H. Kornegay, for plaintiff in error.

J. Howard Langley, for defendants in error.

SHARP, J. To secure an indebtedness in the sum of $275 in the form of a promissory note dated January 20, 1914, on the day following, D. F. Cantrell executed to the First National Bank of Vinita a chattel mortgage on a span of mules, wagon and harness then located in Delaware county, Okla., which mortgage was filed in the office of the register of deeds of Delaware county on February 2, 1914. Not later than January 24, 1914 the mules were removed by Cantrell from Delaware county to near Locust Grove in Mayes county, where they remained until the bringing of the plaintiff's action on September 22, 1914. On either the 3d or 4th of June, intervening the date of the removal and institution of the action, the mortgagor Cantrell sold the mules to defendant Guess, who on the day of the purchase, in Mayes county, executed a chattel mortgage on the mules and a wagon and set of harness, which mortgage was filed in the office of the county clerk of Mayes county on the day following its execution. Cantrell defaulted in payment of the note to the Vinita bank and on July 27, 1914, left for parts unknown. The issues presented involve the rights of the mortgagees under their respective mortgages.

There is little, if any, conflict in the evidence. No point was made in the lower court or here that the validity of the mortgage to the Vinita bank was affected by the failure of the mortgagee to file its mortgage in Delaware county prior to the removal of the mortgaged property therefrom.

The principal point relied on for reversal is, as stated in the brief of plaintiff in error:

"The plaintiff in error contends it was the duty of the court to direct the verdict in its favor for the reason the undisputed evidence showed they were never located within the meaning of the law in Mayes county until Guess bought them and Cantrell parted with their possession."

Section 4031, Rev. Laws, fixes the place of registry of a chattel mortgage. It is there provided that—

"A mortgage of personal property is void as against creditors of the mortgagor, subsequent purchasers, and incumbrancers of the property, for value, unless the original, or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated."

It is urged, as already indicated, that the mortgaged chattels were not removed from Delaware county and permanently located in Mayes county, so as to necessitate the refiling of the chattel mortgage in Mayes county as required in section 4032, Rev. Laws. It is said in support of this contention that Cantrell was at all times prior to July 27, 1914, a resident of Delaware county, and, as we understand, that the situs of the mortgaged property was in the county or place of the mortgagor's residence. The place of residence of a mortgagor of personal property is not controlling, either under section 4031, fixing the county in which a mortgage must be filed in the first instance, or by section 4032, providing for the refiling of a chattel mortgage where the mortgaged chattel is moved from one county to another of the state. The latter statute provides in effect that, when property covered by a chattel mortgage is moved from one county to another, any previous filing of the mortgage shall not operate as notice as against subsequent creditors, purchasers, mortgagees, or incumbrancers for a longer period than 120 days after such removal, unless such mortgage be refiled in the county to which the chattel is removed and in which it is permanently located. Section 4033 fixes the locus of property in transit.

We assume it will not be questioned that the authority for the filing or refiling of chattel mortgages so as to give notice thereof to subsequent purchasers and incumbrancers derives its force from the statutory provisions in respect thereto, and that all rights accruing by virtue of such mortgages will be protected and preserved only by fully meeting the requirements of the statute and observing its provisions. In the absence of any specific statutory provision regarding the removal of mortgaged property, the record of a chattel mortgage in the county where it is required to be filed originally is constructive notice to subsequent purchasers and incumbrancers of the property for value, and the mortgage is valid even though the property is removed to another county. This was the law in Oklahoma prior to the taking effect of the Revised Statutes. National Bank of Commerce v. Jones, 18 Okla. 555, 91 Pac. 191, 12 L. R. A. (N. S.) 310, 11 Ann. Cas. 1041. Where, however, it is expressly provided by the statute that, upon the removal of the mortgaged goods from the town or county where the mortgage was first filed, the mortgage must be refiled in the county to which the mortgaged property is removed within a fixed time, and the mortgagee neglects to have the mortgage refiled within the statutory period, this omission destroys the effect of the original registration as constructive notice. Snodgrass v. J. I. Case Threshing Mach. Co., 70 Okla. 303, 174 Pac. 515; Hammels v. Sentous, 151 Cal. 520, 91 Pac. 327. 12 Ann. Cas. 945, and note.

As the Vinita bank never refiled its mortgage in Mayes county, and as the mortgaged property was removed from Delaware county to Mayes county and there continuously kept for more than 120 days prior to the time Guess purchased it of Cantrell, and in turn mortgaged it to the Locust Grove bank, there would seem to be no reasonable ground for denying the application of the statute, unless it be that the property was not "permanently located" in Mayes county within the meaning of the statute. The evidence abundantly establishes the fact that the mortgaged property, after its removal to Mayes county. was there kept and used by Cantrell up until the date of his sale to Guess, although occasionally during such period Cantrell visited his home in Delaware county. Indeed. the evidence all tends to establish that from January 24, 1914, until the suit was brought, the property mortgaged to the Vinita bank was at all times in Mayes county. In such circumstances, the property was "permanently located" in Mayes county, within the mean-

ing of the statute, and, as the Vinita bank failed to refile its mortgage during the 120-day period after the removal, the filing of its mortgage in Delaware county did not operate as constructive notice thereof to either Guess or the Locust Grove bank. At common law, rules were established which assigned a situs or locality to every subject of personal property for the purpose of administration and probate. In 25 A. & E. Enc. of L. 1071, it is said that no good reason is seen why these rules of the common law may not be extended to cases arising under the recording acts. The rule announced is approved in 2 Minor's Inst. 949, where the author fixes the situs of chattels, such as domestic animals, as follows:

"Movable and tangible chattels are of the county or corporation where they are at the date of the writing to be registered."

This is the requirement of our statute both for the filing of the mortgage in the first instance, and the refiling thereof in the county to which the chattel has been removed. In New Hampshire under the laws in force in the year 1878, a chattel mortgage was valid against every one if made in the manner prescribed by statute and recorded in the office of the clerk of the town in which the mortgagor resided, or, when the mortgagor was a nonresident, when recorded in the town in which the property was situated. In Lathe v. Schoff, 60 N. H. 34, the defendant claimed that the horses in dispute were not situate in Bethlehem, where the mortgage was recorded, because they were there temporarily; their owner, a resident of Vermont, intending at some future time to return with them to that state. In the opinion it was held that for some purposes, by a legal fiction, a chattel was regarded as having a situs in the town in which its owner resided, although in fact it was in another town. This, it was said, was by no means a universal rule, and, when a mortgagor of a chattel resided out of the state, the statute authorized a record of the mortgage to be made in the town in which the chattel was situate. meaning its actual location. and not its owner's domicile. though a short stay of movables during their transit through a place was not within the meaning of the statute. In this connection. the court said:

"But in an ordinary sense movables are situate in a place where they are used day after day, where they are stored, housed, or stabled when not in actual use, and where the business in which they are employed is done. To the ordinary observation of people

for wh( se protection and information the statute was intended, that is their location."

Attention was also called to the fact that Lathe mortgaged the horses in question with express reference to the laws of New Hampshire. The same principle is announced in Jones on Chattel Mortgages, § 255, where it is said:

"Personal property is situate where it is used day by day, or where it is stored when not in actual use, and where the business in which it is employed is done."

Cantrell kept and continuously used the mortgaged property in carrying on his business in Mayes county, as did his purchaser, Guess. There is nothing in the record that tends to show any purpose on the part of Cantrell to take the property back to Delaware county, and we cannot infer such a purpose or intention upon the bare fact that Cantrell remained a resident of Delaware county prior to the time he fled the county. For 120 days after removal of the mortgaged property, the mortgage retained force and operated as notice against subsequent creditors, purchasers, mortgagees, or incumbrancers. The statute contemplates that for the limited period named the property so removed may be only temporarily located in the county where then situated; but, when the 120-day period has elapsed, there is established a sufficient permanency of location, such as requires the mortgage to be refiled in the latter county. We do not undertake to say that, where the intention of the owner to return the property to the county where first mortgaged is clearly shown, there would be a permanent location within the meaning of the statute, for that situation is not involved. Where, as here, there is a total failure to show a purpose on the part of the owner to return the property to the county of its original location, and the property is kept continuously in the second county and there used daily in the business and under the personal control and supervision of the owner, the statute clearly requires the first mortgagee to refile his mortgage within the time required. The statute is for the information and protection of those having business dealings with the mortgagor in the county to which the property has been removed.

We have carefully read the entire record, and believe the case was fairly tried and the instructions given sufficiently state the law arising upon the issues joined and supported by the evidence, and that it would serve no useful purpose to consider at length the objections to the instructions given or those

asked by plaintiff and refused by the trial court.

The judgment is affirmed.

All the Justices concur, except OWEN and HARRISON, JJ., not participating.