## JARECKI MFG. CO. v. FLEMING.

No. 16619—Opinion Filed May 25, 1926.

Rehearing Denied Jan. 25, 1927.

**Liens—Materialman's Lien Against Personal Property—Failure to File in 60 Days —Priority of Chattel Mortgage.**

A materialman, who fails to file a lien statement in the office of the county clerk of the county in which the personal property is situated within 60 days after the furnishing of the last material for the altering or repairing of such property, shall be deemed to have waived his rights to a lien on the property for the amount due for material so furnished; and cannot, by a lien claimed under such circumstances, subject the property to the payment of the indebtedness for material so furnished to the prejudice of a mortgagee of the property, although the property had been removed from another county where the mortgage was filed of record and the mortgage had not been refiled of record in the county to which it was removed within 120 days from the date of the removal of it to such county.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by Ed Fleming against Jarecki Manufacturing Company. Judgment for plaintiff, and the defendant brings error affirmed.

M. A. Dennis, for plaintiff in error.

H. S. Samples, for defendant in error.

Opinion by JARMAN, C. This was an action in replevin by Ed Fleming, as plaintiff,

to recover a string of drilling tools from the Jarecki Manufacturing Company, a corporation, defendant. Judgment was for the plaintiff, and the defendant brings error.

The plaintiff was the owner of the property in question, and, on November 20, 1922, sold the same to R. S. Hays, who executed to the plaintiff a note and mortgage on the string of tools to secure the balance of the purchase price. The tools were located in Okmulgee county and the chattel mortgage was immediately filed of record in that county. Thereafter the tools were moved to McIntosh county for the purpose of drilling a well. Default was made in the payment of the note, and the plaintiff filed an action in the district court of Okmulgee county to foreclose the chattel mortgage, and judgment was rendered accordingly. On October 11, 1923, pursuant to order and notice of sale, the string of tools was sold by the sheriff to satisfy the judgment of Fleming against Hays, and the plaintiff purchased the string of tools at sheriff's sale.

After the string of tools was removed to McIntosh county, the plaintiff failed to file a copy of his mortgage in the office of the county clerk of McIntosh county, and, therefore, the chattel mortgage filed in Okmulgee county ceased to operate as notice to subsequent creditors after 120 days from the date of removal of the property to McIntosh county, as provided by section 7651, C. S. 1921. The defendant, Jarecki Manufacturing Company, at the instance and request of Hays, the owner of the property, began to furnish material and supplies on January 6, 1923, for the repairing and operating of the string of drilling tools, and continued to furnish such material, according to the allegation of the defendant, until October 8, 1923. The owner of the property failed to pay for such material and, on November 26, 1923, the defendant, Jarecki Manufacturing Company. filed its lien statement in the office of the county clerk of McIntosh county, and, on December 23, 1923, the defendant commenced an action in the district court of McIntosh county against Hays to foreclose its lien for materials furnished, and procured a judgment against Hays and a decree foreclosing the lien, and, on April 7, 1924, the string of tools was sold pursuant to said judgment and decree of foreclosure and the Jarecki Manufacturing Company became the purchaser thereof and took immediate possession and removed the string of tools to Okfuskee county. Fleming brought this action to recover the string of tools on the ground that he was the owner thereof by virtue of his action against Hays

to foreclose his chattel mortgage wherein he became the purchaser of the property on October 11, 1923, as above detailed.

The defendant, Jarecki Manufacturing Company, was not made a party to the action of the plaintiff against Hays to foreclose his chattel mortgage, and Fleming was not made a party to the action of the Jarecki Manufacturing Company against Hays to foreclose its materialman's lien; therefore neither is bound by the judgment procured by the other.

The defendant contends that, since the plaintiff failed to refile his mortgage in McIntosh county, to which the string of tools was removed, the filing of the chattel mortgage in Okmulgee county ceased to operate as notice to the defendant, a subsequent creditor of Hays, after 120 days from the time the property was removed to McIntosh county, and that the plaintiff, as mortgagee, could not assert his mortgage lien as against the defendant for materials furnished for the repairing of said property. To this proposition the defendant cites First Nat. Bk. of Vinita v. Guess, 72 Okla. 125, 179 Pac. 29, Snodgrass v. J. I. Case Threshing Machine Co., 70 Okla. 303, 174 Pac. 515, and Continental Gin Co. v. Sims, 103 Okla. 191, 229 Pac. 818.

Under the state of the record as above recited, the plaintiff, as mortgagee, could not claim a lien on the property prior to the lien of the defendant, for material furnished by it for the repairing of property from and after 120 days from the time the property was removed to McIntosh county, provided the defendant perfected its materialman's lien by filing the lien statement within 60 days from the date of the last item of material furnished, as required by section 7455, C. S. 1921. There is no dispute about the lien statement having been filed on November 26, 1923. Counsel for defendant, in his brief, states, and proceeds on the theory, that the last item of material was furnished October 8, 1923. This statement is challenged by the plaintiff. Upon investigation of the record, we find that the itemized statement of the account attached to the lien statement shows that the last item of material furnished was on September 21, 1923, and the testimony of Mr. Raap, manager of the defendant company, shows that the last item was furnished August 8, 1923. Either date, August 8th, or September 21, 1923, is more than 60 days from the date on which the lien statement was filed in the office of the county clerk of McIntosh county, and therefore the lien of the defendant company for material furnished did not attach to the

property in question and the defendant was not entitled to the possession of the property as against the mortgagee, Fleming, who retained a lien, as between the mortgagor, Hays. and himself.

The trial court properly determined that. as between the lien claimants, the plaintiff was entitled to the property by virtue of his having purchased it at the foreclosure sale, to satisfy his mortgage lien.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 40 C. J. p. 186, §218; p. 194. §228; p. 298, §383.