### T. J. STEWART LBR. CO. v. CLOUD CHIEF GIN et al.

No. 23667. Oct. 15, 1935.

Massingale, Duff & Bailey and Keaton, Wells, Johnston & Barnes, for plaintiff in error.

Ash & Plumlee, for Continental Gin Company.

Jones & Wesner, for Elk Manufacturing Company.

Pierce, McClelland, Kneeland & Bailey, for Columbian Steel Tank Company.

PER CURIAM. In this action the plaintiff, plaintiff in error here, sought to foreclose a materialmen's lien on the lots, buildings and equipment used in and about the operation of the Cloud Chief Gin. There is no dispute as to the materials furnished by the plaintiff or the amount or price thereof. The only question presented to this court for determination is the question of the priority and extent of the liens of the various claimants. Such facts as will be necessary to determine the question involved will be noted in connection with each claim or group of claims coming under the same class of liens.

The material furnished by the plaintiff was on open account with no security for payment other than the right of materialmen's lien, the first thereof on August 5, 1929, and the last on November 15, 1929, and the lien statement filed January 3, 1930. It is conceded the materials furnished were used in the construction of the gin.

Under chapter 54, art. 4, O. S. 1931, the plaintiff possessed a lien on the lots and such buildings and fixtures as became a part of the realty from and after the 5th day of August, 1929, and such lien was a prior lien to any lien created by mortgage subsequent to August 5, 1929. Section 10975, O. S. 1931. The trial court granted foreclosure of plaintiff's lien on the real estate, but exempted therefrom the gin machinery, equipment and material sold and delivered to the Cloud Chief Gin and by it placed or installed upon or in the buildings located on said real estate or any part thereof by the defendants Chickasha Cotton Gin Oil Company, Columbian Steel Tank Company, Elk Manufacturing Company, and A. R. Pannell Machinery Company, described in their respective answers and cross-petitions.

It is the contention of the plaintiff that the judgment exempting the machinery, equipment, and materials from plaintiff's lien is contrary to law in that the evidence shows the same had been permanently attached to and became a part of the realty and was by reason thereof subject to and embraced in plaintiff's lien, and relies upon the rule of property rights as announced in the cases of Great Western Mfg. Co. v. Bathgate et al., 15 Okla. 87, 79 P. 903, and Continental Gin Co. v. Simms, 103 Okla. 191, 229 P. 818, and other authorities cited in support thereof. On the other hand, the defendants Continental Gin Company, Columbian Steel Tank Company, Elk Manufacturing Company and A. R. Pannell Machinery Company assert the machinery and construction material by them delivered to the Cloud Chief Gin remained the property of the respective parties delivering the same until the purchase price thereof was fully paid, and was not subject to plaintiff's lien, and rely upon the law as announced in the cases of Lawton Pressed

Brick & Tile Co. v. Ross-Kellar Triple Pressure Brick Machine Co., 33 Okla. 59, 124 P. 43, and Murray Co. v. Chickasha Cotton Oil Co., 73 Okla. 106, 174 P. 1091, and other authorities cited in support thereof.

The evidence discloses and the court so found the fact to be that very little, if any, of the purchase price of the various construction and machinery units furnished for the construction and operation of the gin was paid. That the delivery thereof was made under chattel mortgage or conditional sales contract, providing in each instance the title to the property delivered should remain in the seller until the purchase price therefor shall be fully paid, and with the further condition and agreement that such property was to remain personal property until paid for.

Evidence was introduced showing the building material furnished for the walls and roof was annexed to the concrete foundation by being placed thereon and was held in place by bolts imbedded in the foundation and could be removed without injury to the foundation; likewise the machinery was placed on foundations and held in place by bolts imbedded therein or rested upon the floor of the building and held in place by its own weight; other connections for operating purposes were similarly attached and removable without injury to the other parts of the structure; there was no conflict in the evidence as to the way and manner of the attachments and the trial court found said properties were personal property.

Personal property delivered under contracts between vendor and vendee, providing that title to the property should be and remain in the vendor until the purchase price thereof is fully paid, and where the property is treated as personal property by the parties with the intention that such property shall not be attached to the real estate so as to become a part of the freehold, although such property may be attached to the real estate by bolts, a severance thereof is maintained and such property may be repossessed for the purpose of resale where the same may be removed without injury to the remaining property. Lawton Pressed Brick & Tile Co. v. Ross-Kellar Triple Pressure Brick Machine Co., supra; Continental Gin Co. v. DeBord, 49 Okla. 32, 150 P. 892; Murray Co. v. Chickasha Cotton Oil Co., 73 Okla. 106, 174 P. 1091.

The intention of the parties that the property be not so annexed to real estate as to become a part thereof is not only shown by the contracts between the parties and placed of record, but the structure into which the materials furnished by the plaintiff were used was so designed and constructed as to permit a placing and removal thereof without injury to the remaining property, and also permit the same to be replaced with standardized machinery. Neufelder v. Third St. & S. Ry. Co. (Wash.) 63 P. 197, and Lawton Pressed Brick & Tile Co. v. Ross-Kellar Triple Pressure Brick Machine Company, supra.

The rule of property rights announced in the case of Great Western Manufacturing Co. v. Bathgate, supra, is distinguished from the case under consideration in that it appears from the contract between the vendor and vendee in that case that the property was to be attached to and become a part of the freehold or real estate, since it was provided therein that in case of default of payment of the purchase price, the vendor for the purpose of regaining possession might "enter upon any premises where the same or any part thereof may be and may sever and detach the same or any part thereof from any freehold, land, tenement, appurtenances or fixtures to which the same may be attached, whether the same has become a part thereof or not;" the court holding the question of whether or not property of this character is of a chattel nature or whether it is a part of the real estate, is a mixed question of law and fact largely determined in each case by the evidence under the rules laid down in that case. The trial court found that the machinery was attached to the real estate and became a part thereof as fixtures, and the Supreme Court found there was evidence clearly tending to support the finding. While in the case here under consideration the trial court found the properties in question were personal property and were not so attached to the real estate as to become a part thereof, and that it was not the intention of the parties for these properties to become a part of the real estate, thereby removing the status of the property in the case at bar from under the rule announced in the Bathgate Case, supra, and placing it under the rule as announced in the Murray Co. Case, supra, and cases in support thereof. We think the holding of this court in the case of Continental Gin Co. v. Sims, supra, clearly supports the view we have taken here as to the rights of the vendor of property under a conditional sales contract; the vendors' failure to recover in that case was due to

the fact it had permitted its lien to expire by failing to record its mortgage in the county to which the mortgaged property has been removed within the 120 days' time provided by law.

The plaintiff urges it had no actual notice of the conditions under which the property in question was delivered and that the property having been delivered before constructive notice was given, such property was fixtures and hence a part of the realty and subject to plaintiff's lien. It is pointed out by both the plaintiff and defendants in the action that the recording of a conditional sales contract and chattel mortgage is for the protection of subsequent purchasers and incumbrancers. This being true, it cannot be said the failure to record the contract before delivery would have any bearing upon the question of priority of a lien of one who claims such rights attached before or at the time of delivery, where the property was delivered under contracts whereby the title was retained in the vendor. If plaintiff's lien attached when the first material was furnished, August 5, 1929, then the property was delivered subsequent to plaintiff's lien and would not be subjected thereto. Murray Co. v. Chickasha Cotton Oil Co., supra. If plaintiff's lien attached on the date of the filing of the lien statement, January 3, 1930, then plaintiff had constructive notice of these claims for the unpaid balance of the purchase price under contracts retaining title in the vendor. It cannot be said plaintiff's lien would be more effective than a mortgage placed on the realty before the commencement of the building or the construction of the gin, and, under the rule announced in Murray Co. v. Chickasha Cotton Oil Co., supra, the vendors of the structural steel and the machinery did not lose their respective rights under their contracts retaining title. In this action plaintiff's lien was preferred to all other liens or encumbrances that attached to or upon the land and such buildings or improvements as become a part of the realty. Having determined the property in question did not become a part of land as fixtures or otherwise, but remained personal property, and that plaintiff's lien attached only to such property as became a part of the real estate, the question of actual or constructive notice is not material.

We deem it unnecessary to determine the priority of liens as between the plaintiff and the Chickasha Cotton Oil Company as to the machinery embraced in the mortgage of the Chickasha Cotton Oil Company. Although it embraces an entirely different question to that determined herein, its determination is rendered moot by the judgment of the trial court giving possession of the property to the vendors thereof without any provision for disposition of surplus, if any, of the sale price over the indebtedness due thereon.

The judgment of the trial court is affirmed in all other respects.

The Supreme Court acknowledges the aid of Attorneys Alfred Stevenson, Chas. L. Orr, and R. J. Roberts in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Stevenson, and approved by Mr. Orr and Mr. Roberts, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and GIBSON, JJ., concur.