John S. O'DELL and Suzanne R. O'Dell, Appellants,

v.

KUNKEL'S, INC., an Oklahoma Corporation, Appellee.

No. 49550.

Supreme Court of Oklahoma.

March 7, 1978.

Rehearing Denied June 9, 1978.

Louis G. Buchanan, Hanson, Peterson & Tompkins, Inc., Oklahoma City, for appellants.

Sam F. Whitlock, Norman, for appellee.

IRWIN, Justice.

Kunkel's, Inc., (Kunkel's) commenced proceedings to foreclose a mechanic's and materialmen's lien on a new residence purchased by the appellants John S. O'Dell and Suzanne R. O'Dell (O'Dells). One of the primary issues presented was whether Kunkel's reservation, under the Uniform Commercial Code (U.C.C.), of a security interest in the fixtures it installed in the new residence precluded it from asserting its lien rights under 42 O.S.1971, § 141 et seq. The trial court held Kunkel's had the right to assert its lien, the Court of Appeals held Kunkel's did not have such right, and we hold Kunkel's did and affirm the judgment of the trial court.

The facts are: Kunkel's entered into a contract [1] with Clifton Williamson (builder) to furnish the necessary labor, materials and fixtures for the "rough-in" work and the installation of plumbing, central heat-

---

1. Relevant portions of the contract state:

"Sixty per cent of the contract price, above specified, shall be payable upon completion of rough-in, . . ."

"Except for rough-in plumbing installed in the floors and walls, this contract is not severable and delivery of the above listed fixtures shall be considered incomplete until all of the listed fixtures have been completely installed on the job site by the seller."

"Title to all above fixtures is reserved in the seller and the same shall remain personal property, notwithstanding attachment to the building or land until payment of the contract price in full. Failure of the buyer to pay the agreed price when due shall entitle seller to remove the above listed fixtures from the premises as provided in 12A O.S. Sec. 9–313(5)."

\* \* \* \* \* \*

"If payment is not made when due, Kunkel's shall have the option to affirm this contract and recover the contract price or to rescind this contract and reclaim the fixtures as above provided, plus all costs of removing said fixtures and any loss sustained upon resale thereof."

COMMENT: Although Kunkel's attempted to reserve title to all the fixtures notwithstanding their attachment to the realty, this was a reservation of a security interest in the fixtures under 12A O.S.1971, § 2–401(1) of the U.C.C.

880 ■ 

ing and air conditioning in a new residence builder was constructing for sale. Total contract price for all labor, materials and fixtures was $3,298.00.

Kunkel's commenced work under the contract and completed "rough-in" on or about August 9, 1974. Builder was billed for this work but no payment was made and there was no further demand for payment by Kunkel's until after it had fully performed the contract on May 14, 1975.[2]

When continued efforts to secure payment from builder, who filed for voluntary bankruptcy, proved fruitless, Kunkel's notified O'Dells of its lien claim. Kunkel's commenced proceedings to foreclose the lien when O'Dells refused to make payment. Upon completion of discovery proceedings, both Kunkel's and O'Dells moved the trial court for summary judgment. Summary judgment was granted in favor of Kunkel's for the full amount of the lien plus an attorney fee. O'Dells appealed and the cause was assigned to the Court of Appeals. Div. No. 1.

The Court of Appeals reversed and remanded to the trial court with instructions to enter judgment for O'Dells and to grant them an attorney fee in the amount the trial court awarded Kunkel's. The Court of Appeals determined that under the contract the "rough-in" work was severable from the remainder of the contract (installation of the plumbing and heating and air conditioning) and adjudicated the rights of the parties as follows.

First, the Court of Appeals determined that the contract expressly provided that the fixtures were to be treated as personalty and specifically reserved title in the fixtures in Kunkel's until payment of the contract price. Thus, reasoned the Court of Appeals, Kunkel's, having affirmatively elected to reserve a security interest in the fixtures under the Uniform Commercial Code, was precluded from pursuing its remedy under 42 O.S.1971, § 141, et seq.

In reference to the "rough-in" work, the Court of Appeals determined this to be lienable but the filing was untimely and therefore unenforceable. That Court found that the "rough-in" work was completed in August, 1974, and it being severable from the remainder of the contract, the filing of the lien statement in June, 1975, being more than 120 days after the last lienable work (the rough-in), was untimely. See 42 O.S.1971, § 142.

It is evident that Kunkel's right to enforce a mechanic's and materialmen's lien in the case at bar is dependent upon its having an enforceable lien for the installation of the fixtures. It is also evident and undisputed by the parties that had not Kunkel's attempted to reserve a security interest in the fixtures under the U.C.C. its statutory lien for the rough-in work performed and for the materials and fixtures furnished and installed would have been valid because the lien was timely filed. Which brings us to the threshold issue, did the designation of the fixtures in the contract as personalty for the purpose of reserving a security interest in the fixtures under the U.C.C. preclude Kunkel's from enforcing its lien rights under 42 O.S.1971, §§ 141 et seq.?

The Court of Appeals placed great emphasis on the language in the contract between Kunkel's and builder which reserved title to the fixtures in Kunkel's until payment was made regardless of whether they were affixed to the realty and cite *T. J. Stewart Lumber Co. v. Cloud Chief Gin*, 174 Okl. 224, 50 P.2d 230 (1935) for the proposition that personal property attached to realty may remain personalty. It was upon this theory the Court of Appeals determined that Kunkel's did not have a lien upon the fixture.

■ In our opinion the *Stewart Lumber* case, supra, has no application in the case at bar. With the adoption of the U.C.C., the chattel mortgage laws, 46 O.S.1961, §§ 51–

---

**2.** On May 19, 1975, builder sold the residence to O'Dells and executed standard closing documents certifying that all charges for labor and materials had been paid. Actually, Kunkel's

had not paid and demanded payment. When builder did not pay, Kunkel's filed its mechanic's and materialmen's lien.

75, were repealed (see 12A O.S.1971, § 10–102 of the U.C.C.) and we must look to the U.C.C. to determine the rights of the parties. 12A O.S.1971, § 2–401(1), speaks directly to the issue at hand when it states, "Any retention or reservation by the seller of the title (property) in goods shipped or delivered to the buyer is limited in effect to a reservation of a security interest." Devices whereby title is reserved in the seller-creditor for a period of time following possession by the debtor are treated under Article 9 of the U.C.C. as though title had been transferred to the debtor and the seller-creditor had retained only a security interest in the goods. 12A O.S.1971, § 9–202, *Morton Booth Co. v. Tiara Furniture*, Okl., 564 P.2d 210 (1977).

■ There can be no doubt that Kunkel's in its contract with builder attempted to reserve a security interest in the fixtures installed in the residence. The contract specifically provides that Kunkel's would retain title to the fixtures until full payment on the contract was made. The contract also expressly provided Kunkel's was reserving its rights and remedies under 12A O.S.1971, § 9–313. However, any security interest Kunkel's may have had in the fixtures under the U.C.C. was ineffective as to the rights of the O'Dells because Kunkel's never "perfected" its security interest by filing. Where a secured creditor does not perfect his security interest by filing, the security interest has no priority over claims of a subsequent purchaser for value when the purchase was made "without knowledge of the security interest". 12A O.S.1971, § 9–313(4). Not only would O'Dells take free of Kunkel's security interest by reason of § 9–313(4), supra, but the security interest as a whole was discharged as to them by operation of law. The U.C.C. expressly states that "[A] buyer in [the] ordinary course of business . . . takes free of a security interest created by his seller [builder] even though the security interest is perfected and even though the buyer knows of its existence." 12A O.S.1971, § 9–307.

■ The fact that the O'Dells necessarily take free from any security interest Kunkel's may have attempted to reserve under the U.C.C. does not compel the conclusion that Kunkel's waived its right to pursue some other remedy afforded it by law. The U.C.C. does not preclude a creditor in the proper factual circumstances from protecting his interest in goods in more than one way. The U.C.C. actually encourages the reservation of multiple remedies. 12A O.S.1971, § 9–501. A creditor is specifically authorized under the U.C.C. to secure to himself rights and remedies as personal property or ". . . as to both the real and the personal property . . ." 12A O.S.1971, § 9–501(4). However, when the creditor enforces his rights and remedies in respect to the real property, the secured transactions provisions of the U.C.C. do not apply. § 9–501(4), supra. The U.C.C. expressly states that the Code has no application to "a lien given by statute or other rule of law for services or materials except as provided in Section 9–310 on priority of such liens." 12A O.S. 1971, § 9–104(c).

■ Kunkel's was in this case a seller of goods to builder and entitled to provide in the contract for the reservation of a security interest in the goods sold. However, as is often the case in multi-faceted commercial transactions, Kunkel's was also a contractor for the performance of labor and the supply of materials. In its capacity as a contractor, Kunkel's was afforded a statutory lien remedy which was totally unrelated to its U.C.C. remedy.

CERTIORARI GRANTED; OPINION OF THE COURT OF APPEALS VACATED; and JUDGMENT OF THE TRIAL COURT AFFIRMED.

All the Justices concur.