## YOUNG *v.* BAXTER.

FIXTURES.—*Realty.*—*Personalty.*—The fact that a stationary mill, belonging to two persons, jointly, has been placed upon and affixed to the real estate of one of them, for manufacturing purposes, under a temporary shed, the posts of which are let into the soil, does not constitute it part of such realty, if treated by such owners as personalty.

SAME.—*Judgment Creditor.*—The fact that such personalty was so attached to such realty, without the agreement of a judgment creditor, having a judgment lien upon such land, that it should be treated as personalty, will not give to the latter the right to treat it as a part of the realty, if it can be removed without injury thereto.

SAME.—*Execution.*—*Exemption.*—*What May be Exempted.*—In such case, where an execution against the owner of such real estate is levied thereon, he may demand that such realty be set off to him as exempt from execution, by an appraisement which will not include such mill property.

SAME.—*Sheriff's Sale.*—*Mandate.*—*Appraisement.*—Where, in such case, the sheriff holding such writ has caused such realty to be appraised, without including such mill property, and set off to such execution defendant, the execution plaintiff is not entitled to a writ of mandate to such sheriff, to compel him to have such realty so appraised as to include such mill property.

From the Clark Circuit Court.

*M. C. Hester*, for appellant.

HOWK, J.—This was an application by appellant, upon affidavit and motion, to the court below, for a writ of

mandate to the appellee, as the sheriff of Clark county, Indiana. The cause was submitted to the court below for trial, upon the affidavits filed by the appellant; and the court made a finding in favor, in part, of the appellant, and, in part, of the appellee. Upon written causes filed, the appellant moved the court below for a new trial; which motion was overruled by the court, and to this decision appellant excepted. And a judgment was then rendered by the court below, upon its finding, from which this appeal is now prosecuted.

In this court, the appellant has assigned the following alleged errors:

1st. That the court below erred in overruling the appellant's motion for a new trial;

2d. That the court below erred in refusing the writ of mandate, as asked for by appellant.

These alleged errors present precisely the same question, for our consideration, and that is this:

Upon the facts stated in the affidavits filed by the appellant, was he entitled to the writ of mandate, asked for in his motion?

The facts stated in appellant's affidavit were, in substance, as follows:

On January 10th, 1865, one Henry W. Knotts recovered three several judgments, in the court of common pleas, of Clark county, Indiana, two against William Edmondson and John B. Rader, and the third against said John B. Rader, specifying the amount of each of said judgments; which said judgments were duly assigned by the said Knotts to the appellant, on February 17th, 1865; that at the last named date said Rader was, and ever since has been, the owner of a tract of land in said Clark county, particularly described in said affidavit, containing twenty acres; that about the year 1866, while said judgments were owned by appellant, and were liens on said real estate, and while said Rader owned and possessed said land, the said Rader erected thereon a stationary steam

saw-mill, including boiler, engine and machinery for running said mill, which said mill, boiler, engine and machinery were then and ever since have been attached and affixed to said land; that no agreement was ever made by appellant, or by any one in his behalf, and the said Rader, either before, at the time when, or since the said mill and machinery were so attached to said land, that the said mill, boiler, engine and machinery, or any part thereof, should be treated or held as personalty; that in November, 1874, there then being due on said judgments about one thousand seven hundred dollars, executions were duly issued out of the clerk's office of the court below, upon said judgments, and were placed in the hands of the appellee, who was then and still was the sheriff of said Clark county; that in said November, the appellee levied said executions upon said real estate, and caused the same to be advertised for sale; that before the day of sale, the said Rader demanded of the appellee, that said land be set off to him, said Rader, as exempt from execution, under and by virtue of the act, entitled "An act to exempt property from sale in certain cases," approved February 17th, 1852; that afterwards said Rader selected one George A. Edmondson, and appellant selected one John A. Boyer, to appraise said property, in accordance with the provisions of said act, and said appraisers, failing to agree upon the value of said property, selected one John W. Becket, as a third appraiser; that said Edmondson and Becket, against the protests of said Boyer and the appellant, failed and refused to include, in the valuation of said premises, the value of said boiler, engine and machinery, in the said mill, and expressly excepted said boiler, engine and machinery from the valuation placed by them upon said premises, and returned in their said appraisement only the value of said premises, exclusive of the value of said boiler, engine and mill machinery, notwithstanding the same were firmly attached and affixed to said land; and a copy of said

valuation, made by said Edmondson and Becket, was filed with and made part of said affidavit; and appellant further said, that said boiler, engine and mill machinery were of much greater value, as situated on said land, than they would have been, if detached and severed therefrom, and said land was of much greater value, with said boiler, engine and machinery thereon, than it would have been, if the same were removed therefrom; that there was then due and unpaid upon said judgments, and upon other judgments which appellant had against said Rader, and which were liens upon said land, more than one thousand dollars, and said Rader had no other property, as appellant was informed and believed, out of which any part of said judgments could be made. Appellant further said, that he was informed and believed, that said George A. Edmondson was not, when he made said appraisement, a disinterested householder, because he was a nephew of said Rader, and because he was at the time and still was a joint owner with said Rader, in said mill, boiler, engine and other machinery, subject to said liens of said judgments, of which interest and relationship appellant was ignorant at the time said appraisement was made. Appellant further said, that he had notified appellee of all said facts, and had requested him to have said premises reappraised by disinterested and competent appraisers, and to have said boiler, engine and mill machinery included in said appraisement, but the appellee had wholly failed and refused to cause the same to be reappraised by competent appraisers, and to have said boiler, engine and mill machinery included in said appraisement.

By the schedule and appraisement, which were made part of appellant's affidavit, the twenty acres of land, which had been levied upon by appellee as Rader's property and claimed by Rader as exempt from appellant's executions, were valued at fifteen dollars per acre, "excepting the boiler and engine and mill machinery."

Appellant also founded his motion, in part, upon, and gave in evidence, on the trial in the court below, an affidavit of one John C. Stuart. In this affidavit it was stated, in substance, that affiant was acquainted with said George A. Edmondson and John B. Rader; that said Edmondson had been, for not less than five years last past, a joint owner with said Rader in the mill, boiler, engine and other machinery therein, described in appellant's affidavit; that said mill was erected on said land, and said boiler, engine and machinery put therein by said Rader, in the years 1865 and 1866; that said mill building was of wood, the posts thereof set in the ground, the said boiler was set in a brick furnace, which brick furnace was built upon and in the said ground; and that the said engine and other machinery were firmly attached and affixed to the said building.

If the boiler, engine and mill machinery, mentioned in appellant's affidavit, had belonged to Rader, it would have made but little difference to the appellant whether they were considered and appraised as realty or as personalty. But as the boiler, engine and mill machinery did not belong to Rader, if the appellant could have succeeded in getting these articles, without reference to their ownership or to any agreement between their owners and Rader as the owner of the realty, considered and appraised as a part of Rader's real estate, then his chances for collecting his executions against Rader would have been very largely increased. If, as between Rader, as the owner of the real estate, and Rader & Edmondson, as the owners of the boiler, engine and mill machinery erected on said real estate, the said boiler, engine and mill machinery were treated and regarded as personal property,—then the articles named were personal property. *Pea* v. *Pea*, 35 Ind. 387; *Cromie* v. *Hoover*, 40 Ind. 49.

The mere fact that the appellant had judgments against the owner of the real estate, which were naked liens thereon, would not change the character of the property,

nor make the owner of the realty own more, and more valuable . property, than he would . own without those liens.    The existence of appellant's liens on said real estate did not make it necessary that the owners of the boiler, engine and mill machinery should consult the appellant and get his consent to the erection of those articles on said real estate, or his agreement that the articles in question, when so erected, should be treated and regarded as personal property.

And besides, we may add, that the evidence failed to show that the boiler, engine and mill machinery could not be easily detached and readily removed, without any damage to the freehold and the mill building thereon. In fact, it is evident, from the description of the mill building, in Stuart's affidavit, that there was nothing permanent, or intended to be permanent, about the building in question. It was a mere shed, "the posts thereof set in the ground," and improperly termed a mill building. It is fairly inferrible from the evidence, that the mill in question could be readily removed from place to place, and be set up wherever the abundance of suitable timber and the demand for lumber might make its use profitable.

The 2d section of our exemption law authorized Rader to claim his exemption in either real or personal estate, whichever he might elect. 2 R. S. 1876, p. 354. And we think, that, in the case shown by this record, Rader had the right to elect and insist that his real estate should be appraised, without regard to any interest he might have in the boiler, engine and mill machinery situate thereon; and if his real estate, thus appraised, did not exceed in value the sum of three hundred dollars, he had the right, under the law, to claim such real estate as exempt from sale on execution, for any debt growing out of or founded upon contract.    The appellant did not allege, nor show on the trial, that his judgments against Rader were not rendered on matters of contract.    Of

course, Rader having claimed and received his entire exemption in the real estate, as separate and distinct from the boiler, engine and machinery situate thereon, whatever interest the said Rader may have had in said boiler, engine and machinery, was subject to appellant's executions, and was liable to be sold thereunder, for the satisfaction thereof.

We find no error in the record of this cause.

The judgment of the court below is affirmed, at appellant's costs.