## LAWTON PRESSED BRICK & TILE CO. *et al.* v. ROSS-KELLAR TRIPLE PRESSURE BRICK MACH. CO. *et al.*

No. 1728. Opinion Filed May 14, 1912.

(124 Pac. 43.)

1. **PLEADING**—Allegations in General—Surplusage. Where the facts constituting the pleader's cause of action are fully set out in his petition, and are followed ·by a formal statement of his conclusions drawn from the facts stated, such conclusions, if erroneous, may be disregarded as surplusage.

2. **FIXTURES**—Annexation to Realty—Intention. Chattels may be annexed to the real estate and still retain the character of per-

sonal property. Of the various circumstances which may determine whether, in any case, this character is or is not retained, the intention with which they are annexed is one; and if the intention is that they shall not by annexation become a part of the freehold, as a general rule, they will not.

3. SAME—Seller and Buyer of Chattels—Rights of Third Parties. Certain brick manufacturing machinery was sold upon a written agreement between the parties that the title thereto should not pass to the vendee until the purchase price was fully paid; that the title thereto should not be affected by the delivery and erection thereof; that if default should be made in the payment of the purchase money the vendor should have the right to enter upon the premises, "wherever said machinery may be found and take possession thereof." In an action of replevin to recover possession of said machinery for nonpayment of purchase price, the evidence reasonably tended to show that the machinery was annexed to certain real estate belonging to the vendee, according to the terms of the contract, and that the mode of annexation was such that the removal thereof would not take away or destroy that which was essential to the support of the buildings, foundation, or walls, or other parts of the real estate to which it was attached, and that it would not destroy or of necessity impair the machinery itself. Held, that the agreement between the original vendor and vendee, fully expressing their distinct purpose that the annexation of the machinery should not make it part of the real estate, was sufficient to that effect, without any concurring intention on the part of a third person, who subsequently purchased the land from the purchaser of the machinery.

(Syllabus by the Court.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by the Ross-Kellar Triple Pressure Brick Machine Company against the Lawton Pressed Brick & Tile Company and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Stevens & Myers* and *T. B. Orr.* for plaintiffs in error.

*Harmon J. Bliss, Fred R. Ellis,* and *W. B. Herod,* for defendants in error.

KANE, J. This was an action in replevin, commenced by the defendant in error Ross-Kellar Triple Pressure Brick Machine Company, plaintiff below, against the plaintiffs in error and the defendant in error First National Bank of Kansas City, Mo., and

others, defendants below, to recover certain machinery sold and
delivered by the Ross-Kellar Triple Pressure Brick Machine Com-
pany to the Lawton Pressed Brick & Tile Company, under a
contract reserving the title in the vendor until the purchase price
was fully paid. The pleadings consisted of the amended petition
of the plaintiff to which was attached a copy of the contract of
sale, the affidavit in replevin, and the answer of the defendants
the Lawton Pressed Brick & Tile Company and the First Na-
tional Bank of Lawton, which admitted the allegations of the
petition as to the incorporation of the plaintiff, but denied each
and every other statement in said amended petition contained,
and prayed for a return of the property, and costs and damages
for the taking thereof. The cause was tried before the court,
without the intervention of a jury, and, after hearing the evi-
dence, it found the issues in favor of the plaintiff and against
the defendants, and rendered judgment that plaintiff was entitled
to recover possession of the property described in its amended
petition, together with its costs in said action, to reverse which
this proceeding in error was commenced.

Counsel for plaintiffs in error, in their brief, argue: (1)
The court erred in rendering judgment for the plaintiff below.
(2) The court erred in refusing to render judgment for the de-
fendants below. The first contention is based upon the theory
that the plaintiff, in its amended petition, asserted a special inter-
est and ownership in the property in controversy, and on the
trial proceeded upon the theory of absolute or sole ownership.
This contention cannot be sustained. The amended petition al-
leged, in substance, the execution of the written conditional sale
contract, the substance and terms of which are set out in the
language of the pleader, and, in addition, a verbatim copy of the
contract is attached to the amended petition and made a part
thereof. The petition further avers the recording of the contract,
the sale and delivery of the property thereunder, the reservation
of ownership in the vendor until the purchase price is paid, the
manner of payment of the purchase price, plaintiff's title, plain-
tiff's right to possession in case of default by the Lawton Pressed

Brick & Tile Company, the entire fulfillment of the contract by plaintiff, the default in payment by the Lawton company, the claim of interest of the defendants other than the Lawton company, and the demand upon all the defendants for delivery of the property in question, and their failure to deliver same. After pleading all these facts, and others, which are unimportant as connected with the question now under consideration, it is further alleged that the plaintiff "is entitled to the immediate possession of said property, and has a special interest and ownership therein, by reason of the execution, delivery, and recording of the written contract of sale and the facts aforesaid." It is on account of the allegation embraced within the above quotation marks that the contention that there is an inconsistency between the *allegata* and *probata* is based. That allegation is merely the conclusion of the pleader drawn from facts set out in the pleadings. Even if the conclusion drawn is erroneous, that circumstance would have no significance, as the pleadings must be viewed as an entirety, and not taken piecemeal. Moreover, the language complained of is not lacking in accuracy; it is averred, in substance, that the execution, delivery, and recording of the contract and the facts stated above gave the plaintiff a special interest and ownership. That we think is true. The interest or ownership cannot properly be declared to be general, as the ownership was not absolute; the sense of the contract of conditional sale being that, upon a full compliance with its terms by the Lawton company, a perfect title to the property in question should vest in the vendee. The cases cited by counsel for plaintiffs in error belong to that class of cases like *McMillan Hdw. Co. v. Ross,* 24 Okla. 696, 104 Pac. 343, wherein it was held:

"When the petition in a replevin suit alleges that the plaintiff is entitled to the possession of certain personal property by reason of a special interest therein, evidenced by certain notes and a chattel mortgage, and the proof shows that, if he is entitled to the possession thereof at all, it is by reason of a certain other agreement with the defendant, and timely objection is made to such variance between the pleadings and the proof, it is fatal to the recovery of the plaintiff."

It seems clearly from what has been said that there is a marked distinction between the principles involved in the two cases.

The contention of counsel for defendants in relation to their second assignment is disclosed by the following excerpt from their brief:

"Admitting, for the sake of argument only, that as between the plaintiff and the defendant, Lawton Pressed Brick & Tile Company, the contract relied upon by plaintiff retained in the seller the sole and absolute title to the property until final payment, and that upon default in the payment the said defendant lost its claim in or right to the same, even to the extent that it did not have a redeemable interest therein, if the property became fixed to the real estate in such a manner that it became a part thereof, as to third parties purchasing the real estate, without actual notice of the contract, it would not be binding, even though it may have been filed as a conditional sale contract of personalty under the law relating to the filing of such contracts. We respectfully urge that the property attempted to be taken under the writ was a part of the real estate to which it was attached, being affixed thereto in such a manner that under our statute it became a part thereof, and especially is this true as to third parties, without notice, even though it may have been agreed between the plaintiff or its assignor and the defendant, Lawton Pressed Brick & Tile Company, that it should remain personal property."

We do not believe that this contention can be sustained. The same argument as to the effect of want of notice might be made in the case of a purchase of any class of personal property from one who holds possession thereof by virtue of a conditional sale contract, yet it has been uniformly held by the courts that the sale and delivery of personal property on condition that the title shall remain in the vendor until the purchase price is paid does not pass the title until the condition is complied with; and in case the condition is not complied with the vendor has the right to repossess himself of the goods, both against the vendee and his creditors, and if guilty of no negligence may recover the goods so sold, even from an innocent purchaser. *Lockwood Bros. v. Frisco Lumber Co.,* 22 Okla. 31, 97 Pac. 562; *Parmlee*

v. Catherwood, 36 Mo. 479; Griffin v. Pugh, 44 Mo. 326; Ridge-way v. Kennedy, 52 Mo. 24. The decisions in that class of cases are based upon the doctrine that the conditional sale does not vest the title to the property in the purchaser; and therefore a purchaser from him acquires no better title to the chattel than his vendor. The Oklahoma case, above cited, arose in the Indian Territory prior to statehood, and defined the rights of the parties, without regard to the statute of Oklahoma, which requires conditional sale contracts to be filed, in order to be valid "as against innocent purchasers, or the creditors of the vendee," which statute, we may say in passing, has no application to the case at bar. . The contract between the original vendor and vendee herein was that the title to the machinery should remain and be in the seller until fully paid for; that the title thereto should not be affected by the delivery and erection thereof; and that, if default should be made in the payment of the purchase money or any part thereof, the vendor or its assigns should have the right to enter upon the premises, wherever the machinery might be found, and take possession thereof. The purchaser of the land whereon the machinery was erected cannot be said to be an innocent purchaser of the chattel in any sense of the statute. If he acquired the machinery, he acquired it because it became part of the land by annexation and passed as real estate by conveyance. If the machinery retained its chattel character, notwithstanding the annexation, title thereto did not pass to the purchaser of the land, for the same reason that title did not pass in the above cases.

It is well settled that chattels may be annexed to the real estate and still retain the character of personal property. Of the various circumstances which may determine whether, in any case, this character is or is not retained, the intention with which they are annexed is one; and if the intention is that they shall not by annexation become a part of the freehold, as a general rule, they will not. The limitation to this is where the subject or mode of annexation is such that the attributes of personal property cannot be predicated of the thing in controversy, as

where the property could not be removed without practically destroying it, or where it, or part of it, is essential to the support of that to which it is attached. *Mott v. Palmer,* 1 N. Y. 564; *Ford v. Cobb,* 20 N. Y. 344; *Tifft et al. v. Horton et al.,* 53 N. Y. 377, 13 Am. Rep. 537; *Sword v. Low,* 122 Ill. 487, 13 N. E. 826; *Eaves v. Estes et al.,* 10 Kan. 314, 15 Am. Rep. 345; *Henkle et al. v. Dillon et al.,* 15 Ore. 610, 17 Pac. 148; *Godard et al. v. Gould et al.,* 14 Barb. (N. Y.) 662; *McEntee et al. v. Scott,* 2 Thomp. & C. (N. Y.) 284; *Young v. Baxter,* 55 Ind. 188. *Godard v. Gould, supra,* seems to be in all respects similar in principle to the case at bar. Godard sold mill machinery to one Stoddard, the title to remain in the vendor until fully paid for; and such machinery was installed in the mill of Stoddard, who afterwards made a deed to the real estate on which the machinery was situated to Gould. The action was brought by Godard against Gould to recover damages for the value of the machinery. In rendering the opinion of the court, Strong, J., says:

"By the terms of the contract between the plaintiffs and Stoddard, Freeman & Co., the machinery was to be set up in the mill of the latter, the plaintiffs furnishing a suitable person to superintend that business, and the plaintiffs were to remain the owners of it until it should be paid for. The machinery was set up in the mill according to the contract, and the evidence clearly shows that the mode of annexation was such that it could be removed without injury to the building; that the building would, after its removal, and without any labor or expense, be equally as well fitted and prepared to received other machinery of a similar kind as it was for the reception of that in question. Upon these facts, and a balance of the price remaining unpaid, I am satisfied the law is that the machinery did not by the annexation become part of the realty, but continued to be personal property, and to belong to the plaintiffs. In *Smith v. Benson,* 1 Hill, 176, it was held that a building for a dwelling or grocery, erected by one person on the land of another, with an understanding between them that it might be removed at any time, was not part of the freehold, but personal property. Cowen, J., by whom the opinion of the court was delivered, says: '*Prima facie* such a building would be a fixture, and would not be removable. The legal effect of putting it on another's land would be to make it a part of the freehold. But the parties concerned

may control the legal effect of any transaction between them by an express agreement.' In *Mott v. Palmer,* 1 N. Y. 564, the general principle that one man may own the soil, and another buildings and fixtures upon it, and that in such a case those erections will be personal property, is recognized, and *Smith v. Benson,* and several other cases, are referred to in support of it. See also, *Smith v. Jenks,* 1 Denio, 580; [*Jencks v. Smith*] 1 N. Y. 90. The deed of Stoddard and wife to the defendants did not affect the right of the plaintiffs to the machinery. The machinery being personal property, the grantors could not convey a greater interest in it than they had. It is not material whether or not it would have passed by the deed, without the special clause embracing fixtures, and as part of the land, but for the agreement that the plaintiffs should remain the owners; it was in either case personal property, belonging to others, whose title the grantors could not transfer. Nor does the fact that the defendants are *bona fide* grantees in the conveyance make any difference. The plaintiffs in no way consented to the conveyance; they have not practiced any fraud on the defendants; their equities are at least equal to those of the defendants; and the recording act has no application to the case. I am not aware of any principle upon which it could be held that the plaintiffs have lost their title."

Counsel for plaintiffs in error strongly rely on *Great Western Mfg. Co. v. Bathgate et al.,* 15 Okla. 87, 79 Pac. 903, to support their contention, and say in their brief that "the manner in which it [the machinery] is shown to have been affixed to the land brings it squarely within the case of *Great Western Mfg. Co. v. Bathgate."* In that case the trial court found from the evidence that certain machinery attached to a gristmill thereby became a fixture, notwithstanding an unrecorded conditional sale contract. In that case the trial court found from the evidence that the machinery was so affixed to the realty as to become a part thereof; and the Supreme Court found that, from an examination of the entire record and all the evidence contained therein, there was evidence which clearly tended to support the finding of the trial court that this machinery was attached to the real estate and became a part thereof as a fixture. And this being true, under the oft repeated, well understood, and universally fol-

lowed rule of this court, the finding of the trial court on this question of fact will not be disturbed.

In the instant case there was conflicting evidence as to the manner the machinery was attached to the soil, from which the trial court found the machinery still retained its chattel character, and under the rule above announced we are not at liberty to disturb that finding; the evidence reasonably tending to support it. Moreover, the two cases are distinguished in principle, as *Fifield v. Farmers' Nat. Bank of Princeton,* 47 Ill. App. 119, cited in support of the Bathgate case, and *Sword v. Low, supra,* from the same state, which supports this, or *McRea v. Central Nat. Bank,* 66 N. Y. 489, cited by Mr. Justice Irwin, who delivered the opinion in the Bathgate case, and *Goddard v. Gould* and the other New York cases cited therein.  We think there is evidence reasonably tending to show that the machinery did not become a part of the buildings constructed to shelter it; that the removal thereof would not take away or destroy that which is essential to the support of such buildings, foundations, walls, or other parts of the real estate to which it was attached; that it would not destroy or of necessity injure the machinery itself.  So the limitation hereinbefore stated does not apply.  Hence we conclude that the agreement between the vendor and the brick company, fully expressing their distinct purpose that the annexation of the machinery should not make it part of the real estate, was sufficient to that effect, without any concurring intention on the part of a subsequent purchaser of the land.

The judgment of the court below is affirmed.

TURNER, C. J., and HAYES, WILLIAMS, and DUNN, JJ., concur.