The EXECUTIVE COMMITTEE OF the AMERICAN LEGION, DEPARTMENT OF OKLAHOMA, an Unincorporated Association, Composed of Charles W. Hoshall, Department Commander, Raymond A. Trapp, Junior Department Commander, Preston J. Moore, National Executive Committeeman, H. G. Brundidge, First District, W. W. "Red" Hunter, Second District, W. H. Oliver, Third District, Bonnie B. Long, Fourth District, Henry L. Bowman, Fifth District, James Morris, Sixth District, John B. Wilson, Jr., Seventh District, Dr. Floyd Sheets, Eighth District, as Individuals and as Members of the Executive Committee, and A. R. Tyner, Adjutant, Individually, and as Secretary of the Executive Committee, Plaintiffs in Error,

v.

Woodrow W. HARDY, Individually, and as Pretending Member of the War Veterans Commission, a Department of the State of Oklahoma, Defendant in Error.

No. 37219.

Supreme Court of Oklahoma.

July 31, 1956.

Clee Fitzgerald, Stillwater, for plaintiffs in error.

Charles E. Dierker and Ned Looney, Oklahoma City, Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., for defendant in error.

BLACKBIRD, Justice.

This action, purportedly in the nature of quo warranto, was instituted by plaintiffs in error, as plaintiffs, against the defendant in

error, as defendant, seeking a judgment ousting defendant from office as a member of the State War Veterans Commission. The latter will hereinafter be referred to merely as the "Commission", and the parties by their trial court designations.

According to the undenied facts alleged in plaintiffs' petition, the office now occupied by defendant was, previous to June 3, 1955, occupied by one Fred Frey. Apparently, Frey had been nominated to said office by a Governor of this State from a list of American Legion members submitted to him by the plaintiff committee, or one of its predecessors. It being near the end of Frey's 2-year term, the plaintiff Committee, on the aforesaid date, submitted a list of ten names to the Honorable Raymond Gary, present Governor, from which the latter was to select a successor. Frey's name appeared on the list, and Gary re-appointed him on July 17, 1955, to serve as a member of said Commission for another 2-year term. Before this latter term expired, the Governor, on November 18, 1955, removed Frey, and, selecting defendant's name from the same aforementioned list, appointed him, on the same day, to fill the vacancy created by Frey's removal.

Thereafter, plaintiffs took the position that defendant's appointment was illegal on the ground that the Governor selected his name from a "stale" or expired list. Accordingly, they made up a new one on which defendant's name did not appear, and forwarded it to the Governor on last November 21st. The Governor took the position that the matter was then closed and refused to alter or change his previous selection. Nine days later, plaintiffs wrote the Governor that they therewith cancelled and revoked all lists previously submitted to him, or any of his predecessors, by the American Legion, and further stated they would submit such a list at any time any vacancy should occur in the "Legion nominated positions on the War Veteran's Commission."

By its judgment sustaining defendant's demurrer to plaintiffs' petition, the trial court, in effect, upheld defendant's appointment as valid.

■ As we view it, the only decisive question in this appeal is whether or not said judgment was correct. This can only be determined by consideration of the statute governing such appointments, which said statute is Tit. 72 O.S.1951 § 63.2. Before quoting said statute it should be stated, as a supplement to the facts already herein set forth, that, according to plaintiffs' petition, their organization, the American Legion, is the veterans organization having the largest membership of any existing in Oklahoma. The pertinent parts of the statute, supra, read as follows:

"On and after July 1, 1947, the War Veterans Commission of Oklahoma shall consist of three (3) members, * * * to be selected in the following manner: The state executive board or committee of the veterans organization in Oklahoma having the largest membership of record as hereinafter provided, and the state executive board or committee of the veterans organization in Oklahoma having the second largest membership of record as hereinafter provided, shall each submit to the Governor of Oklahoma a list of ten (10) persons qualified to serve as members of the War Veterans Commission of Oklahoma. Said lists shall be submitted to the Governor not later than one (1) month *prior to the expiration of the terms* of office of the members of the War Veterans Commission. The Governor shall name two (2) members of the War Veterans Commission from the list submitted by the largest veterans organization and one (1) member from the list submitted by the second largest veterans organization.

* * * * * *

"The tenure of office of members of said Commission shall be two (2) years, and until their successors are appointed and enter upon the duties of their offices. Any vacancy on the Commission resulting from any clause shall be filled by appointment by the Governor for the remainder of the term *on the same basis by which the member being re-*

*placed was appointed."* (Emphasis ours.)

As will be noted from the above, the statute provides 2-year terms for members of the Commission. (However, it is not contended that the Governor may not, as he did Frey, remove any member before expiration of such regular term, in which event, two of his appointments for the same place on the Commission may occur less than two years apart.) But the law makes no provision for the submission of any list of names to the Governor oftener than every two years ("* * * not later than one (1) month prior to the expiration of the terms of office of the members"). For all that appears from reading said statute, this latter means every two years; and the provision for what we choose to call "interim" appointments, in the last part of the section, says they shall be made: "* * * *on the same basis* by which the member being replaced was appointed." (Emphasis ours.) Counsel for defendant argues that, upon consideration of these provisions, it is plain that the Legislature contemplated that, in the event it became necessary for the Governor to make an appointment before the end of a regular term, the name of his appointee should be selected from the same list that was submitted to him "not later than one (1) month prior to the expiration" of the previous regular term. Plaintiffs' counsel present no satisfactory answer to this argument. They refer to the allegations of their petition that the "on the same basis" provision means that their organization "shall submit a list of ten names to the Governor once *any* vacancy has been determined, and that the Governor shall make his appointment from said new list submitted exactly as the selection was made in the first place." We think that to interpret the statute in this fashion is to read into it words and/or provisions that do not appear therein.

Plaintiffs also argue that defendant's demurrer admitted the allegations of their petition to the effect that the list, from which defendant was appointed, had expired. There is no merit to this argument.

They urge application of the rule that a demurrer admits all allegations of fact contained in the pleading toward which it is directed, and all inferences reasonably deducible therefrom. The fallacy in this argument is that the allegations referred to are not allegations of fact, but mere conclusions of law; and the rule contended for does not apply thereto. See Grubb v. Smiley, 142 Okl. 19, 285 P. 38, and other cases appearing in 11 Okl.Dig., under Pleading, ▮▮▮▮ together with Lawton Pressed Brick & Tile Co. v. Ross-Kellar Triple Pressure Brick Mach. Co., 33 Okl. 59, 124 P. 43, 49 L.R.A.,N.S., 395 and the quotation from 10 Enc.Pl. & Pr., appearing in Bracken v. Stone, 20 Okl. 613, 95 P. 236, 237, 238. As hereinbefore indicated, such conclusions by the pleaders find no apparent, or tangible, support in the specific provisions of the Act, supra. (If plaintiffs think that appointments, at other times than at the end of regular terms of members of the Commission, should be *required* to be made from *additional* lists, other than the biennial ones now prescribed, then their remedy lies not in court action, but in legislative amendment.)

In view of the foregoing, we find in none of plaintiffs' arguments, cause for reversing the judgment of the trial court. Said judgment is therefore affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, JACKSON and HUNT, JJ., concur.

HALLEY, J., dissents.

HALLEY, Justice (dissenting).

In my judgment the majority opinion misconstrues Title 72 O.S.1951 § 63.2. That section provides that the Governor shall name two members of the Veterans Commission from the list submitted by the largest veterans' organization. In this instance it was the American Legion. The Governor is not authorized to select but two from the submitted list but he later on selected a third person from that list.

The Governor created a vacancy on the properly constituted Commission by the re-

moval of Fred Frey. When a vacancy occurred on the Commission the Governor was authorized to fill the vacancy for the remainder of the term "on the same basis by which the member being replaced was appointed." I submit that such provision required the Governor to select the new man from a list of ten persons qualified to serve as members of the War Veterans Commission. The list he did select from had only eight names on it as two had been previously appointed to the Commission. It was contemplated that the selection would be from a list made up after the removal of the member because the situation could arise wherein the new member would come from another organization by virtue of change in size of membership. No other reasonable interpretation can be made of that statute than the Governor should call upon the largest organization for a new list when he got ready to fill the vacancy and because of his failure to do so. I think the judgment of the trial court should be reversed. I dissent.