The BOARD OF COUNTY COMMISSION-ERS OF the COUNTY OF LeFLORE, Petitioner,

v.

The DISTRICT COURT OF OKLAHOMA COUNTY, Oklahoma, and the Honorable Glen O. Morris, a Judge thereof, and Hal B. McKnight, an individual doing business as McKnight Construction Company, Respondents.

No. 42245.

Supreme Court of Oklahoma.

March 7, 1967.

Rehearing Denied Oct. 3, 1967.

Varner & Miller, by Alpheus Varner, Poteau, for petitioner.

Watts, Looney, Nichols & Johnson, by C. J. Watts, Oklahoma City, for respondents.

BLACKBIRD, Justice.

In this original action, the Board of County Commissioners of LeFlore County, sometimes referred to merely as the "Board" or "Petitioner", has applied to this Court to assume original jurisdiction of an action now pending in the District Court within and for Oklahoma County, and has petitioned us to issue a writ of prohibition against said Court, the Honorable Glen O. Morris, Judge thereof, and the plaintiff in said action (hereinafter referred to collectively as "Respondents") commanding said Court and the Judge not to proceed further in said action, as against the petitioner, and to issue such further directions as this court may deem proper.

The action referred to is said Court's Cause No. 162,433, which was commenced sometime previous to February, 1966, by respondent "Hal B. McKnight, an individual d/b/a McKNIGHT CONSTRUCTION COMPANY", as plaintiff. The parties said plaintiff named as defendants in said action, were Martin Garber, and others, referred to as "individual members constituting and composing the State Highway Commission of the State of Oklahoma and DEPARTMENT OF HIGHWAYS OF THE STATE OF OKLAHOMA, F. D. Lyons, State Highway Director, Rex Collins and Harold F. Flood, co-partners d/b/a COLLINS & FLOOD, Architects & Engineers", the LeFlore County Commissioners Board (petitioner herein) and one J. Paul Mathies, who was alleged to be one member of the latter Board.

In said Cause No. 162,433, supra, the facts alleged in the pleadings of the plaintiff, hereinafter referred to merely as "McKnight", concerned circumstances related to his construction, under two contracts with the State Highway Department, of two Federal-Aid Secondary, or Farm-to-Market, road projects in LeFlore County, estimated by said County's engineers, Collins & Flood, to cost considerably more than $100,000.00.

It may be reasonably inferred from McKnight's pleaded allegations in Cause No. 162,433, supra, that he was delayed, and put to extra expense, in completing these contract jobs early in 1963, and that the State Department of Highways (sometimes referred to merely as "Highway Department") not only denied his claim for reimbursement for these extra expenses, or costs, but when it paid him the contract price (upon his completion of the projects) it deducted a certain sum, or sums, as "liquidated damages."

On the basis of the facts alleged in plaintiff's petition, the Respondent Judge and Court, in February, 1966, sustained a motion to dismiss, filed by the Highway Department, on the ground of the court's lack of jurisdiction to grant recovery against it, as an agency of the State. Recognizing that, after dismissal of the Highway Department and Commissioners, there was no defendant in the action that could be served in Oklahoma County, the other defendants, including the County Commissioners' Board (now petitioning this court) moved to dismiss said action, as against them, on the ground that venue of the action could not be in Oklahoma County, without such a defendant. The Respondent Judge and Court sustained the motion, and dismissed the action against all remaining defendants, but thereafter, in March, 1966, sustained a motion by McKnight for a new trial. After other developments in the case, not necessary to mention, the petitioner filed the present action in this court.

The prinicpal issue presented herein is: What is the proper venue of an action like Cause No. 162,433, supra, against the petitioner herein, Board of County Commissioners of LeFlore County?

Petitioner relies principally on City of McAlester v. Fogg, Okl., 312 P.2d 867, and Tit. 12 O.S. 1961, § 134, which, in the cited case, we held governed the venue of the action there involved. The named City, being a corporation situated, and having "its principal office or place of business", in Pittsburg County, we decided that the venue of that action was in that County. Respondents contend that our decision in that case is ineffective as support for petitioner's position in this case, because the cause of action arose in the same county in which the City of McAlester is situated. They further say that the venue of Cause No. 162,-433, supra, is in Oklahoma County, and the respondent court, both under the last alternative proviso of § 134, supra ("* * * or in the county where the cause of action *or some part thereof arose*.") and under Tit. 12 O.S. 1961, § 154, which reads as follows:

"Where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

Neither of the parties to the present proceedings denies that the venue of an action against some of the defendants in cause No. 162,433, supra, such as the State Department of Highways, or its director, F. D. Lyons, is in the Respondent Court. (In this connection notice State ex rel. State Bd. of Ed. v. District Court of Bryan County, Okl., 290 P.2d 413). Therefore, assuming, without deciding, that McKnight's pleadings state a cause of action against at least one of such defendants, that the venue of an action on such a cause is in Oklahoma County, and that Cause No. 162,433, supra, was therefore "rightly brought" in said County, it becomes necessary to inquire into the nature of the cause, or causes, of action, if any, that McKnight's pleadings in that action state against these Oklahoma County defendants, as compared

to that stated against the Board of County Commissioners of LeFlore County, since, under § 154, supra, the facts of the case must be such as to render both classes of defendants *jointly* liable (Knox v. McMillan, Okl., 272 P.2d 1040, and other cases cited therein at p. 1043), and, under respondent's interpretation of § 134, supra, "some part" of McKnight's cause of action against the Commissioners' Board must have arisen in Oklahoma County.

The nature of the cause, or causes, of action, if any, McKnight has pleaded in Cause No. 162,433, supra, may be determined from the résumé of his alleged facts set forth in the brief filed by respondents herein (omitting immaterial parts) as supplemented by the wording of his prayers for relief reflected in the petitioner's brief. The respective portions of these briefs (beginning with respondent's summary) referred to (which, as will be noted, differ in the immaterial matters of some of the amounts of money set forth therein) are as follows:

(Quotation from Respondents' brief):

"1) On January 18, 1961, the Board of County Commissioners of LeFlore County, Oklahoma initiated a program to construct a Farm-to-Market Road in LeFlore County by submitting an appropriate Resolution to the Oklahoma Department of Highways in Oklahoma City. Thereafter, further Resolutions were submitted to the Highway Department, recognizing that the Oklahoma Statute (47 O.S. 22.2–e) provided that certain proceeds from License Tax and bus mileage Tax should be allocated to a Farm-to-Market and Secondary Road Fund, and requesting that the Highway Department use such money in construction of the designated project.

"2) The Oklahoma Highway Department, pursuant to Statute (68 O.S. 660(b) [660b], 669.3, 727.6, 732 and other applicable provisions, after advertising for bids, let contracts to McKnight for construction of two Secondary Projects involved herein.

"3) It is alleged in Plaintiff's Petition, * * * that, in negotiating and letting of the contracts, the Oklahoma Highway Department was acting in the capacity of a Trustee for the use and benefit of the Board of County Commissioners of LeFlore County, and that the contract, as negotiated and awarded by the Department of Highways was to be performed under the immediate supervision of the said Board of Commissioners, *with responsibility of the Oklahoma Highway Department limited to payment,* out of funds which it held for use and benefit of LeFlore County, of contract Estimates as submitted and approved by the County's Engineers, Collins & Flood.

"4) After letting of the contracts, Plaintiff entered into performance thereof, under direct supervision of the LeFlore Board of County Commissioners and Collins & Flood, its Engineers, and completed the contracts * * *. *During such performance, Plaintiff was harassed, delayed and interrupted by acts of the said Commissioners and Engineers, with result that plaintiff was required to expend a large amount of extra labor and material in order to accomplish completion of the work, over and above what reasonably would have been required had defendants furnished to Plaintiff reasonable access to the work-site, reasonably efficient and accurate engineering service and working conditions free from harassment, intimidation and interference.*

"5) It is alleged that the *said Commissioners and Engineers, were guilty of carelessness and negligence, as well as deliberate acts which proximately resulted in extra cost* of performance necessarily incurred by McKnight, including: a) Delay in furnishing necessary right-of-way, b) Erroneous and defective engineering, c) Poor and improper inspection, d) *Wilful and deliberate interruptions, delay and intimidation on the part of County Commissioner,* J. Paul Mathies, who maliciously made numerous statements indicating personal animosity against Mc-

Knight, including statements that he was "out to break McKnight," e) *Wilful and negligent acts of delay and interruption by the said Engineers.*

"6) Plaintiff, McKnight, alleged that the State of Oklahoma, through the Oklahoma Highway Department, holds $22,420.00 of contract funds that were wrongfully assessed against him as alleged liquidated damages, although *the delays involved were caused by acts and omissions of the said Commissioners and Engineers.*

"7) Plaintiff, McKnight, further alleges that he incurred extra costs for labor, equipment and overhead in a total sum of $79,724.19, *by reason of the acts and omissions of the said Commissioners and Engineers during their supervision of performance of the said contracts by McKnight.*

"8) By amendment to his Petition, McKnight alleges that he is entitled to a *Mandatory Injunction* ordering the *members of the Oklahoma Highway Commission to hold, out of funds* allocable to the County, an amount sufficient to pay to McKnight the improperly assessed liquidated damages, and the further sum of $79,724.19 as extra cost of performance incurred by McKnight *as a result of improper acts and omissions on the part of the said Board of Commissioners and Engineers.* * * *.*" (Emphasis added.)

(Pleadings quoted in Petitioner's brief):

"VI.

"REQUESTED RELIEF:

1. Plaintiff states that the above named members of *the Department of Highways* of the State of Oklahoma *and the State Highway Commission* of the State of Oklahoma, acting in the capacity of Trustees for the Board of County Commissioners of LeFlore County, Oklahoma, and for the use and benefit of plaintiff, insofar as his interests in the above Contract are concerned, *has arbitrarily and capriciously refused to* recognize and *pay to plaintiff,* out of funds which are held by the above named Defendants as such Trustee, *funds that properly should be allocated to the above described contract in payment of plaintiff's just claim for funds wrongfully deducted by said Defendants as liquidated damages and for extra cost incurred by plaintiff by reason of the negligent and wrongful acts of Defendants, Board of County Commissioners of LeFlore County, Collins & Flood, Architects & Engineers and J. Paul Mathies, as above set forth.*

"2. Plaintiff is without adequate remedy at law; and is *entitled to a Mandatory Injunction ordering the Defendant Members of the State Highway Commission and Department of Highways to hold out* of funds allocable to the Board of County Commissioners of LeFlore County, Oklahoma, funds sufficient to pay Plaintiff's claims, as above set forth, in the sum of $9,380.00 for improperly assessed liquidated damages and the further sum of $51,087.49, for extra cost of labor, equipment and overhead *expense resulting from wrongful acts of the Defendants, Board of County Commissioners of LeFlore County, Oklahoma and resulting from extra costs* necessarily incurred by plaintiff in performance of his contract, above described, *by reason of the acts, omissions and requirements of the Defendant, Board of County Commissioners,* as set forth under Paragraph IV, supra. Plaintiff states that the *said funds,* allocable by the Oklahoma Department of Highways to the Board of County Commissioners *of* LeFaore *County, Oklahoma, should be held, subject to Order of this Court, pending final judgment herein between Plaintiff and the said Board of County Commissioners of LeFlore County, Oklahoma.*

"VII.

"1. Plaintiff is further *entitled to judgment, jointly and severally, against the Defendants, Board of County Commissioners of LeFlore County, Collins & Flood, Architects and Engineers and J. Paul Mathies,* in the sum of $51,087.49

for extra costs incurred by Plaintiff for extra labor, equipment and overhead expense incurred by Plaintiff as a direct and proximate result of *negligent and wrongful acts of the said defendants*.

"WHEREFORE Plaintiff prays judgment against Defendants, as follows:

"1) That Plaintiff have a Mandatory Injunction ordering and directing the Defendant Members of the Department of Highways of the State of Oklahoma and the State Highway Commission of the State of Oklahoma, acting as Trustees for funds allocable to the Board of County Commissioners of LeFlore County, Oklahoma *to hold*, subject to further Order of this Court, *out* of such funds· an amount sufficient to cover wrongful deductions for liquidated damages from Plaintiff's contract proceeds in the sum of $9,380.00, and the amount of Plaintiff's claim for extra labor, equipment and overhead in the sum of $51,087.49, to be distributed by the said Department of Highways and Highway Commission as between Plaintiff and Defendant, Board of County Commissioners of LeFlore County, Oklahoma, pursuant to Judgment and Order of this Court.

"2) That Plaintiff have *judgment, jointly and severally*, against Defendants, Board of County Commissioners of LeFlore County, Collins & Flood, Architects & Engineers and J. Paul Mathies for extra labor, equipment and overhead costs incurred by Plaintiff *as a direct and proximate result of the negligent and wrongful acts of the said Defendants* in the sum of $51,087.49. * * *." (Emphasis added.)

In recognition of the requirements hereinbefore referred to of §§ 134 and 154, supra, respondents argue that McKnight's "cause of action and basis for recovery comes from a *contractual* relationship created in Oklahoma County between" McKnight "and the State Highway Commission for the benefit of" LeFlore County; that venue in Oklahoma County being

"clearly proper as to" the Highway Commission and Lyons, the Highway Director, they being holders, or custodians, of funds to pay McKnight's claim, and LeFlore County being the beneficial· owner of said funds, § 154, supra, is applicable to authorize issuance of process to LeFlore County for that County's Commissioners who are defendants, in order for the repondent court to have jurisdiction over both LeFlore County, as beneficial owner, and the present custodians of the funds, and for said court's judgment to be effective.

We think respondent's argument is without merit. An analysis of the facts, as distinguished from conclusions (Lawton Pressed Brick & Tile Co. v. Ross-Keller Triple Pressure Brick Mach. Co., 33 Okl. 59, 124 P. 43, 49 L.R.A., N.S., 395) alleged in McKnight's pleadings conclusively shows (Dunbar v. Tulsa Met. Water Authority, Okl., 363 P.2d 145), that they allege no *joint* cause of action against the LeFlore County Petitioner and those defendants therein that are connected with the State's highway system, whose situs (for the purpose of this case) has been conceded to be in Oklahoma County. If those pleadings state any cause of action against the petitioning Board, and its member, J. Paul Mathies, it is one for interference with the performance of McKnight's contract with another party, the Department of Highways of the State of Oklahoma, which constitutes a tort under certain circumstances. See the authorities cited in Emery v. A & B Commercial Finishing Co., Okl., 315 P.2d 950, 952 ff. And, on the basis of those alleged facts, none of those LeFlore County parties' acts, claimed to be "wrongful", occurred in Oklahoma County, but were confined to their own County. Therefore, no "part" of McKnight's alleged cause of action against those defendants in Cause No. 162,433, supra, "arose" in any county other than LeFlore.

On the basis of the facts alleged in McKnight's pleadings in that case, his alleged cause of action, if any, against the "Oklahoma County" defendants, the State High-

way Department, its director, Lyons, and the members of the State Highway Commission, is altogether different—and not a tort. McKnight's allegations of fact indicate the gravamen of his cause of action against them, if any, is more contractual, than tortious, in nature; and those allegations place those parties more particularly in a position similar to that of a stakeholder. For the purpose of deciding the issue presented here, we think those "Oklahoma County" defendants are in a similar position to that of the bank in Penney v. Bryant, 70 Neb. 127, 96 N.W. 1033, quoted in Fisher v. Fiske, 96 Okl. 36, 38, 219 P. 683, 684, 685. In that Nebraska case, the court said (pp. 1034, 1035 of 96 N.W.):

> "The president and cashier of the bank * * * did nothing more than refuse to pay out the money upon plaintiffs' * * * demand * * *. There was no conversion or misappropriation of the fund. It was simply held to wait the result of the garnishment proceedings. All that can be charged is that the bank, being under a duty of paying the money to plaintiffs, its officers did not perform that duty. In other words, plaintiffs' case is one of non-feasance, so far as the president and cashier of the bank are concerned, not of misfeasance or active trespass or wrong doing.
>
> *        *        *        *        *        *
>
> "Where a joint liability is asserted against several defendants in order to maintain an action against one or more of them in a county other than that wherein they reside or are found, *the latter are not to be held upon a different and several liability,* even though it is disclosed by the pleadings and the proofs." (Emphasis added).

From the facts pleaded in Cause No. 162,433, supra, it appears that the only acts of the State Highway Department, and/or its Director, and/or the State Highway Commission, of which McKnight complains, were those of withholding payment to him of the additional sums he claimed over and above the contract price of the two Le-

Flore County road projects, pending judicial establishment of his right thereto. On the basis of those facts, the liability, if any, of those defendants, would be a "different and several" one, rather than a "joint" one, with the LeFlore County defendants.

As we have concluded that the venue of the cause, or causes, of action, if any, alleged in Cause No. 162,433, supra, against the petitioner herein is in LeFlore County—rather than Oklahoma County—and that it is not a part of, or joint with, the cause, or causes, of action, if any, alleged against other defendants tacitly agreed to have an Oklahoma County situs, it is our opinion that the Respondent District Court should be prohibited from proceeding any further in relation to said petitioner, as a defendant in said action, except to dismiss the action as to it. It is so ordered; and a writ prohibiting said Court from taking any other such action against the petitioner herein is hereby issued.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, HODGES and LAVENDER, JJ., concur.

WILLIAMS and McINERNEY, JJ., concur specially.

WILLIAMS, Justice (specially concurring).

In its opinion, the majority, citing Penney v. Bryant, 70 Neb. 127, 96 N.W. 1033, holds that venue of the action herein as against the Board of Commissioners of LeFlore County can not lie in Oklahoma County as "the liability, if any, of those defendants [i. e. the State Department of Highways, its director, Lyons, and the State Highway Commission] would be a 'different and several' one, rather than a 'joint' one, with the LeFlore County defendants." The stated basis of this conclusion is that the cause of action alleged against the Board of County Commissioners "is one for interference with the performance of McKnight's contract with another party * * * which constitutes

a tort under certain circumstances," while the cause of action stated against the other defendants "is more contractual, than tortious, in nature."

I agree "that an action against two or more defendants *jointly* liable may be maintained against such defendants in any county that is proper venue for any one of the defendants." Wray v. Garrett, 185 Okl. 138, 90 P.2d 1050, 1051. (Emphasis added.) However, I disagree with the majority's stated conclusion that the cause of action pleaded against the petitioner was tortious in nature and that the cause of action pleaded against certain other defendants was contractual in nature (as a basis for its finding that defendants were not alleged to have been jointly liable).

It is true that the contract herein for the construction of the farm-to-market projects was entered into by the Department of Highways and McKnight only. However, payment for the projects was to be from both federal funds available for the construction of farm-to-market and secondary roads and from certain taxes allocated by the State to various counties for the purpose of matching such federal funds. In accordance with what is apparently the regular procedure, the Board of County Commissioners of LeFlore County, by resolution, selected the projects on which it preferred to have certain of its allocated funds used and requested the State Highway Commission to concur in such selection. Upon that concurrence, the Department of Highways, which had such allocated funds in its custody, entered into a contract with McKnight for the construction of such projects. Under the regulations of the Department of Highways, such construction was supervised by the County's engineer.

Under these circumstances, it is my opinion that although the State, through its Department of Highways, was the actual party to the contract as required by statute, the funds belonged to LeFlore County and such county is obviously the beneficiary of such contract. It is my further opinion that as the beneficiary, LeFlore County became an implied party to the contract. In Equitable Life Assurance Society of United States v. Weightman, 61 Okl. 106, 160 P. 629, 631, L.R.A.1917B, 1210, we stated:

"* * * When one person becomes the beneficiary of the contract of others, such beneficiary is an implied party to the agreement. Before he may accept the benefits of the contract, he must accept all of its implied, as well as express, obligations."

As a party to the contract, the county could not hinder or prevent the performance by McKnight of his contractual obligations. If the county did so hinder or prevent performance as alleged, then it breached the contract and is liable for damages. 17 Am. Jur.2d Contracts § 442; 23 O.S.1961, §§ 21, 22. For these reasons, it is my opinion that the cause of action stated against the county was a contractual one.

However, in my view, there is another aspect which requires us to hold that the District Court of Oklahoma County does not have venue of the action herein.

It has already been noted that for venue to be in Oklahoma County, defendants must be jointly liable. As urged by respondent, which he must contend to avoid the doctrine of sovereign immunity, the State Department of Highways is a mere stakeholder in this action as it is simply holding the allocated funds from which payment for these projects will be made. As such mere stake-holder and without more, and in view of the allegations made in the trial court, it is difficult for one to perceive how the Department of Highways could be jointly liable with LeFlore County for a breach of such contract.

In his pleadings in the trial court, the respondent makes no allegations that the Department breached the contract. Rather, he takes the position that the Department, as it is holding certain funds belonging to LeFlore County which include the liquidated damages assessed against him for failure to finish the project in the required time, is a necessary party to the suit.

Such position on respondent's part, to my mind, in no way establishes the liability of the Department of Highways for a breach of contract. It may be true that it would be more convenient for respondent to have the stake-holder as a party, but I do not believe that the latter is necessary to the action. If respondent establishes a breach of the contract and obtains a judgment for damages against LeFlore County, the funds to which he is entitled could be obtained from the Department by Writ of Mandamus, 12 O.S.1961, § 1451 et seq., or other appropriate relief.

For these reasons, I concur specially.

I am authorized to state that McINERNEY, J., concurs with the views herein expressed.