**RIFFE PETROLEUM COMPANY,**
Petitioner,

v.

**McMICHAEL ASPHALT SALES CO., Tulsa Paving Company, Magic Marketing, Inc., a corporation, Charles G. Sones, John P. Stanich and L. W. Fisher, each Individually and as dissolving Trustees of Magic Marketing, Inc., a corporation, Respondents.**

No. 50649.

Supreme Court of Oklahoma.

Oct. 17, 1978.

James R. Eagleton, Gregory M. Pensabene, Eagleton, Eagleton & Owens, Inc., Tulsa, for petitioner; Layden & Layden, McAlester, of counsel.

Richard L. Gossett, Stipe, Gossett, Stipe & Harper, McAlester, for respondents, McMichael Asphalt Sales Co., Tulsa Paving Co.

LAVENDER, Vice Chief Justice:

Two domestic corporations, McMichael Asphalt Sales Co. and Tulsa Paving Company, with their principal places of business at Tulsa, Oklahoma, brought suit with three causes of action in the District Court of Pittsburg County. Defendants on the first cause of action were Magic Marketing, Inc. (Magic) and petitioner, Riffe Petroleum Company (Riffe). Magic was a domestic corporation that, at time of suit, had been issued a certificate of dissolution under voluntary statutory proceedings. Riffe Petroleum Company was a domesticated foreign corporation, with Tulsa its principal place of business in Oklahoma. The principal place of business of either Magic or Riffe was not in Pittsburg County. Action sought damages for failure to sell asphalt at the agreed price by Magic. Riffe and Magic were alleged to be joint venturers. Both Magic and Riffe were served through the Secretary of State.

The thrust of the second and of the third causes of action was the improper dissolution, and resulting drainage of assets, of Magic. Bud Adams Enterprises, Inc. (Adams), a foreign corporation, and the sole stockholder of Magic, was the only defendant in the second cause of action with that entity and the individual board of directors

of Magic as defendants in the third cause of action. Neither Riffe nor Magic, as a separate entity, was a defendant in the two latter causes of action.

Riffe objected to venue. After an evidentiary hearing on that issue, the trial court made findings of fact and conclusions of law that denied Riffe's objections. That ruling was certified by the trial court for interlocutory appeal. This court granted certiorari and ordered briefing.

Respondents' brief limits their reliance for venue as to the first cause of action to arguments and facts relating to Riffe and Magic. There is no suggestion of that venue being bottomed on defendants or circumstances of the second and third causes of action, for there is no joint liability with Riffe or Magic on those causes of action. *Board of County Com'rs. v. District Court,* Okl., 435 P.2d 157 (1967). The defendants in the second and third causes of action are not necessary parties under the first cause of action. Nor is Riffe or Magic a necessary party to the latter two causes of action.

McMichael and Tulsa argue proper venue is in Pittsburg County on Magic, a dissolved corporation, under 18 O.S.1971, § 1.198b. That section allows service on a corporation included thereunder on the Secretary of State and confers "jurisdiction" upon court of any county having jurisdiction of the subject matter. Proper service and correct venue on Magic bestows similar venue on Riffe as a jointly liable defendant with Magic. Riffe contends a corporation that is voluntary in its dissolution is not included in § 1.198b, and without proper venue laid as to Magic, then its objection is correct.

The Business Corporation Act allows dissolution by either voluntary or by involuntary proceedings. 18 O.S.1971, § 1.177(a). Voluntary proceedings may be either out of court or subject to the supervision of the court. § 1.177(b). Court procedure is required for involuntary dissolution. § 1.195 et seq.; § 1.198. A legal writing suggested the act, as originally adopted, did not include cancellation through failure to pay corporation license tax and exclusive reliance for constituting the directors and managers in office as trustee had to come through the taxation statute, 68 O.S.1941, § 623.[1] The amendment of the act in 1949 and the addition of § 1.198a, subsequently amended in 1968, and § 1.198b dealt with that deficiency.

■ We examine § 1.198b. Though argued a complete scheme of dissolution and winding up requires this court to include the voluntary dissolution without court proceedings, we do not agree. The scheme of § 1.198b includes expiration of corporate term, dissolution or cancellation by proper courts, the Secretary of State or the Oklahoma Tax Commission. The section is silent as to dissolution or cancellation by the corporation itself through voluntary but without court proceedings or supervision as statutorily allowed. § 1.177 et seq. "The rule of liberal construction however was never intended to extend the grant of the legislative body. Its sole purpose is to favorably construe what the legislative body said to effectuate the purpose of such legislative body, but not for the purpose of enlarging the subject matter." *In Re Captain's Estate,* 191 Okl. 463, 130 P.2d 1002 (1942). We do not enlarge the legislative grant to include within § 1.198b the voluntary dissolution without court proceedings or supervision. With § 198b not available for venue over Magic, we need not consider Riffe's argument of the inability under that section to name the dissolved corporation only without including as parties its officers, directors or liquidating trustees; or, as to the burden of proof on the evidentiary hearing as to venue. Without venue and service on Magic, there is no venue as to its allegedly jointly liable codefendant.

McMichael and Tulsa contend proper venue is in Pittsburg County on Riffe because of a debt owed to Riffe there. 12 O.S.Supp. 1975, § 137. Here, the residence in Pittsburg County of one Tissington, a debtor of Riffe, is argued as sufficient to place the debt situs in that county and thus venue in present case.

The facts as to the Tissington debt, as determined by the evidentiary hearing, are

1. Shirk, Service of Process upon Cancelled Corporations in Oklahoma, 1 Okl.L.Rev. 258, 260.

not basically disputed. Tissington is a resident of and operates an asphalt plant in Pittsburg County. He purchased asphalt on an open account from Riffe at Ardmore in Carter County, f.o.b. Riffe's refinery,[2] there. Transportation by motor carrier of the purchased asphalt from Ardmore to Pittsburg County was paid for by Tissington. At time of filing of present suit, a debt was owing under the open account. There was no agreement as to where the debt was to be paid. Riffe's principal place of business was Tulsa with an operation at Ardmore. No part of the Tissington transaction occurred in Pittsburg County. The only contact with the transaction and Tissington in Pittsburg County is the residence of Tissington.

 The word "owing" naturally implies a "legal obligation." *Ingram v. Liberty Nat. Bank & T. Co. of Oklahoma City, Okl.,* 533 P.2d 975 (1975). The location or situs of the legal obligation of Tissington to pay for the asphalt he purchased is (1) where the agreement occurred to allow Tissington to purchase on "open account" from Riffe, or (2) place of delivery to Tissington of the asphalt under the open account, or (3) place of payment.[3] None of these are located in Pittsburg County. This does not mean venue in an action on the open account by Riffe against Tissington would not be proper in Pittsburg County. That county is the residence of Tissington and venue would attach under § 139. But venue, allowed by statute, is not the requirement of § 137. There, a debt must be owed to Riffe, and that debt must be located in Pittsburg County. The situs of the Tissington debt is not that county. This is particularly true with no invoking of venue by Riffe in Pittsburg County, with other venues available. See § 142 for venue of civil actions for the collection of an open account. If the location or situs of the Tissington debt moves about as Tissington moves, then venue over Riffe in the McMichael and Tulsa cause of action could attach in any county where Tissington was present, with Tissington having no connection with the transaction, not a party to that action, and only a debtor of Riffe. This is not the intent of § 137. That section is not available to bestow venue in present case in Pittsburg County. With the unavailability of § 137, we need not consider other objections as to the use of that section for determining venue in Pittsburg County.

Having determined no venue in Pittsburg County through the use of 18 O.S.1971, § 1.198b and 12 O.S.1971, § 137, we reverse the trial court.

REVERSED AND CAUSE DISMISSED FOR LACK OF VENUE.

WILLIAMS, IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.

---

**2.** Per invoices of Riffe Petroleum Company to Tissington, exhibits at the evidentiary hearing.

**3.** *Clem Oil Co. v. Oliver,* 106 Okl. 22, 232 P. 942 (1925) syllabus by the Court stating, "In the absence of an agreement upon the subject, a debt is payable where the creditor resides."